Hal GADD, Plaintiff and Respondent,

v.

York A. and Rose T. OLSON, Defendants, Third-Party Plaintiffs and Appellants,

v.

Mark T. JOHNSON, Third-Party Defendant and Respondent.

No. 18876.

Supreme Court of Utah.

July 5, 1984.

Robert B. Hansen, Salt Lake City, for defendants, third-party plaintiffs and appellants.

James H. Deans, Salt Lake City, for plaintiff and respondent.

Richard W. Perkins, Salt Lake City, for third-party defendant and respondent.

HALL, Chief Justice.

York and Rose Olson, defendants and third-party plaintiffs herein, appeal from a summary judgment that dismissed their third-party action against Mark Johnson for fraud.

Prior to April 8, 1981, the Olsons (hereinafter "appellants") were in default in the payment of their obligations under a trust deed note and trust deed on their house. To avoid losing the house through foreclosure, appellants accepted an offer of financial assistance from Mark Johnson (hereinafter "respondent"). On April 8, a transaction conceived by respondent was effected between the parties (i.e., appellants and respondent) whereby appellants conveyed their interest in the house to respondent by warranty deed at a purchase price equal to the unpaid principal balance of the trust deed note ($30,748.89), plus the amount needed to cure the default ($4,250.48), and respondent simultaneously leased the house back to appellants with an option to repurchase at a price of $42,400.

The nature of the April 8 transaction is at the core of the instant dispute. Although the instruments evidencing the transaction clearly characterize it as a sale, lease back and option to repurchase, appellants maintain that respondent represented the transaction to be a mere "loan" and the said instruments to be the necessary vehi-

cle for effecting the loan. They claim respondent's representations led them to believe the transaction would permit them to retain ownership of the house, rather than relinquish such ownership.

Respondent denies having made such representations. He maintains that his characterization of the transaction was in all respects consistent with that set forth in the instruments themselves.

Following the subject transaction, respondent remedied the default and assumed the outstanding trust deed obligation. Less than a month later, he sold the subject property to Hal Gadd (plaintiff herein) subject to the above-described lease and option. Gadd likewise assumed the loan outstanding on the property. In addition, he paid consideration of approximately $6,500 and executed a trust deed in the sum of $1,000. Thereafter, beginning in May of 1981, appellants tendered their monthly payments (considered by them as "loan" payments) to Gadd. They continued to do so through the month of February, 1982. In March, however, they apparently defaulted. As a result, Gadd brought this suit to collect the delinquent payments and to have appellants evicted.

Subsequently, after appellants had entered their responsive pleadings, Gadd filed a motion for summary judgment. On September 28, 1982, the court granted the motion, awarding Gadd restitution of the subject premises together with a money judgment.

Included in the responsive pleadings filed by appellants in the eviction action was a third-party complaint wherein appellants alleged they had been defrauded by respondent Mark Johnson. Respondent filed an answer to the said complaint and later entered a motion for judgment on the pleadings.

At the hearing on respondent's motion for judgment on the pleadings, the court examined not only the pleadings themselves, but other documents as well, such as the written lease, the option, the notice of default on the trust deed, a letter that had accompanied respondent's payment of the expenses related to appellants' default and the cancellation of notice of default. The court then ruled that summary judgment be granted in respondent's favor. This appeal ensued.

Appellants contend that the trial court erred in two respects: (1) in granting a summary judgment upon respondent's motion for judgment on the pleadings; and (2) in granting summary judgment at all, since genuine issues of material fact exist and remain unresolved. We address only the latter, inasmuch as it constitutes the basic and dispositive issue.

■ A motion for summary judgment can only be granted when "there is no genuine issue as to any material fact,"[1] and "even assuming the facts as asserted by the party moved against to be true, he could not prevail."[2] This Court has also stated:

[S]ince the party moved against is denied the opportunity of presenting his evidence and his contentions, it is and should be the policy of the courts to act on such motions with great caution, to assure that a party whose cause might have merit is not deprived of the right to access to the courts for the enforcement of rights or the redress of wrongs.[3]

Appellants argue that respondent's denial (in his answer) of their allegations in the third-party complaint, that respondent had defrauded them by misrepresenting the character and legal effect of the subject transaction, created such a factual dispute as to preclude the entry of summary judgment.

Respondent's defense of the summary judgment consists of two arguments: (1) the written instruments executed by appel-

---

**1.** Utah R.Civ.P. 56(c); *Hall v. Fitzgerald,* Utah, 671 P.2d 224, 226 (1983).

**2.** *McBride v. Jones,* Utah, 615 P.2d 431, 432 (1980).

**3.** *Id.*

lants disprove their theory as to the character of the transaction; and (2) appellants' bare, self-serving allegations in their pleadings did not raise a factual dispute sufficient to preclude summary judgment. The first argument is premised upon the following rule:

> A motion for summary judgment permits an excursion beyond the pleadings, and if the facts discovered irrefutably disprove facts pleaded, summary judgment is appropriate.[4]

Respondent submits that the facts discovered by the trial court in its "excursion beyond the pleadings," specifically the warranty deed, the lease and the option, "irrefutably disprove" the facts pleaded by appellants relative to the mischaracterization of the transaction and that summary judgment was therefore appropriate.

■    Relevant to the instant inquiry is the general rule that "misrepresentations of law or of the legal effect of contracts and writings does [sic] not constitute remedial fraud."[5] This rule would be dispositive were it not for certain applicable exceptions.

In *Adamson v. Brockbank*,[6] a case involving a similar misrepresentation as to the legal effect of a written instrument (deed), this Court acknowledged the aforementioned general rule, but noted that "[t]here are exceptions to the rule, or rather circumstances or conditions rendering it inapplicable ...."[7] The Court held that such excepting circumstances and conditions did exist in that case, though it did not specify what they were.[8]

■    The circumstances that generally render the rule inapplicable include the following:

[W]here the speaker sustained a confidential relation toward the hearer, or *possessed superior means of information, or wilfully misled him into a misconception of his rights and liabilities.*[9] [Emphasis added.]

In this same regard, some courts have held:

> Fraudulent representations as to the legal effect of an instrument will avoid it, *even if made to one who has actually read it, if unable to judge of its true construction.* But the fraud must be contemporaneous with the execution of the instrument and *must consist in obtaining the assent of the party defrauded, by inducing a false impression as to its legal or literal nature and operation.*[10] [Emphasis added.]

■    In the instant case, appellants allege the following facts or "conditions and circumstances" as grounds for their claim of misrepresentation: (1) respondent represented to them that he was in the business of helping people save their houses from foreclosure and would loan appellants enough money to save theirs; (2) said representation was false, and respondent knew it was false; (3) respondent misled appellants to believe that the documents executed in the transaction effected nothing more than a "loan"; (4) appellants were under emotional and economic distress at the time and had no legal counsel to assist them; (5) appellants relied upon the representations made by respondent, and such reliance under these circumstances was reasonable; and (6) as a result of the transaction appellants suffered a loss of their equity in the house and were eventually evicted therefrom. Assuming these factual assertions are truthful, as we are compelled to do by the rules governing summa-

---

4.  *Aird Ins. Agency v. Zions First National Bank,* Utah, 612 P.2d 341, 343 (1980).

5.  *Adamson v. Brockbank,* 112 Utah 52, 185 P.2d 264, 276 (1947) (quoting *Ackerman v. Bramwell Investment Company, et al.,* 80 Utah 52, 12 P.2d 623, 626 (1932)).

6.  112 Utah 52, 185 P.2d 264 (1947).

7.  *Supra* note 5.

8.  *Supra* note 6, at 276.

9.  17 C.J.S. Contracts § 158 (1963). *See also White v. Harrigan,* 77 Okl. 123, 186 P. 224 (1919).

10.  *Stegman v. Professional & Business Men's Life Ins. Co.,* 173 Kan. 744, 252 P.2d 1074, 1081 (1953) (quoting *Berry v. Whitney,* 40 Mich. 65 (1879)).

ry dismissals (*supra*), they qualify as exceptions to the aforestated general rule. Thus, respondent's argument that the executed written instruments, standing alone, disprove the allegations of fraud, as a matter of law, is not persuasive.

Respondent's second argument in defense of the summary dismissal is that there is nothing in the record other than the bare, self-serving allegations in appellants' pleadings to support the contention of misrepresentation. He maintains that once his answer was filed appellants could no longer rely solely upon their pleadings, but were required to file counter-affidavits. This argument apparently rests upon Rule 56(e), which provides in pertinent part:

When a motion for summary judgment is made and supported as provided in this Rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this Rule, must set forth specific facts showing that there is a genuine issue for trial.

Respondent's application of this Rule to the instant case is misplaced. When read in light of section (b) of Rule 56, which provides that the party moving for summary judgment may do so "with or without supporting affidavits," it is clear that the section (e) requirement that a party opposing the summary judgment motion file counter-affidavits applies only when the moving party has elected to and has filed affidavits in support of the motion. If, as in this case, the moving party chooses not to or simply fails to file affidavits, section (e) is inapplicable.

The allegations in appellants' third-party complaint (set forth above) were sufficient to state a cause of action for fraudulent misrepresentation.[11] Furthermore, it is conceivable that appellants, if given the opportunity to present their evidence, could prevail on their action. We therefore reverse and remand for trial.

HOWE and DURHAM, JJ., RICHARD C. DAVIDSON, District Judge, concur.

11. *See Williams v. State Farm Ins. Co.*, Utah, 656  P.2d 966 (1982).

STEWART, J., concurs in the result.

OAKS, J., having resigned, does not participate herein; DAVIDSON, District Judge, sat.