Michael COX, Wendell Olson, Junior Storrs, Plaintiffs and Appellants,

v.

UTAH MORTGAGE AND LOAN CORP., Commercial Security Bank of Provo, City of Pleasant Grove, Wynne L. Scott, aka Buck Scott, and Scott Construction Company, a Utah corporation, Defendants and Respondents.

No. 18830.

Supreme Court of Utah.

Jan. 16, 1986.

K. Allan Zabel, Pleasant Grove, for Cox.

John C. Backlund, Pleasant Grove, for City of Pleasant Grove.

H. Hal Visick, Provo, Ronald H. Goodman, American Fork, for Utah Mortg.

HOWE, Justice:

Plaintiffs appeal from a summary judgment granted to defendant City of Pleasant Grove and from the denial of their own motion for partial summary judgment against Pleasant Grove.

Plaintiffs purchased lots in the Wade Springs Subdivision in Pleasant Grove before off-site improvements to those lots had been made. Defendant Scott, developer of the subdivision, executed and delivered to Pleasant Grove a subdivision improvement agreement in which he agreed to construct the improvements at his own expense. In lieu of Scott posting a performance bond, Utah Mortgage and Loan Corp., as mortgagee of the land development loan, advised Pleasant Grove in December 1977, that $342,986.79 had been placed in escrow with it to pay for the improvements. A similar commitment was made at the same time by Commercial Security Bank of Provo for $50,650. As early as September 1978, liens were placed on plaintiffs' lots as a result of Scott's nonpayment to subcontractors. Scott did not complete construction of the improvements and by a letter dated April 17, 1979, plaintiffs requested Pleasant Grove to intervene to ensure their finish. In February of 1980, plaintiffs finally instituted the subject suit, and in June of that year Pleasant Grove filed its cross-claim against the other defendants (Scott, Utah Mortgage and Loan, and Commercial Security Bank) to compel completion of the improvements.

Pleasant Grove moved for summary judgment against the plaintiffs. The trial court granted the motion and dismissed with prejudice all causes of action they had

alleged against Pleasant Grove. The trial court also denied plaintiffs' motion for partial summary judgment against Pleasant Grove. Plaintiffs appeal from the dismissal of their fifth, sixth, and seventh causes of action.

Summary judgment is proper only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Utah R.Civ.P. 56(c); *Gadd v. Olson*, Utah, 685 P.2d 1041 (1984). Under the pertinent standard of review, we view the evidence in a light most favorable to the losing party. *Draper Bank and Trust Co. v. Lawson*, Utah, 675 P.2d 1174 (1983), and cases there cited.

## I

Under their fifth cause of action, plaintiffs alleged that Pleasant Grove negligently allowed disbursements from the escrow which did not go for payment of improvements in place. Pleasant Grove correctly points out that under the Utah Governmental Immunity Act, U.C.A., 1953, § 63–30–1, *et seq.*, plaintiffs' right to maintain an action against it must result from either a finding that the injuries complained of did not result from the exercise of a governmental function, or in the alternative, that even though they did so result, Pleasant Grove's immunity is expressly waived under one of the sections of the Act. In *Standiford v. Salt Lake City Corp.*, Utah, 605 P.2d 1230 (1980), we held that the test for determining a governmental function was whether the activity under consideration "is of such a unique nature that it can only be performed by a governmental agency or that it is essential to the core of governmental activity." *Id.* at 1237. *Accord Johnson v. Salt Lake City Corp.*, Utah, 629 P.2d 432 (1981); *Thomas v. Clearfield City*, Utah, 642 P.2d 737 (1982). The activities complained of in those cases were negligent operation of a municipal golf course (*Standiford; Johnson*) and

negligent maintenance of a sewer system (*Thomas*). In response to plaintiffs' claim that Pleasant Grove is liable for negligently allowing disbursements from escrowed funds, Pleasant Grove contends that it alone, within the limits of its jurisdiction, must adopt and apply ordinances regulating zoning and subdivisions and perform all the concomitant duties attendant to those functions. No private entity, it argues, exists to perform and accomplish these essential functions, so that the activity scrutinized clearly meets the governmental immunity test adopted in *Standiford*.

The enumeration of those functions misdirects the focus away from the precise activity, *viz.*, whether the supervision of disbursement from escrowed funds was of such a unique nature that it could only be performed by a governmental entity or whether it was essential to the core of governmental activity. The answer to that inquiry is clearly no. The supervision of disbursements from escrowed funds is not *sui generis* governmental. It is handled daily by private individuals and private as well as public financial institutions. It involves the delivery to third parties of funds due an obligee upon a contingency or performance of a condition. In *Pacific County v. Sherwood Pacific, Inc.*, 17 Wash.App. 790, 567 P.2d 642 (1977), the Court defined the legal interest of the county as obligee under a bond as "that of a trustee who was required, should the developer fail to make the secured improvements, to attempt to recover the funds from the bonding company and use them ultimately to complete improvements." *Id.* 567 P.2d at 648. Plaintiffs here alleged that Pleasant Grove breached its duty to them as lot owners who were directly damaged by its failure to properly supervise the disbursement of the escrowed funds. They argue that they had purchased their lands in reliance on the improvements being constructed and that they had a distinct interest in the completion of serviceable streets, sidewalks, etc. That breach of duty did not arise out of the exercise of a governmental function and was therefore not subject to the notice

requirement of section 63–30–11 which at the time this action arose provided: "[a]ny person having a claim for injury to person or property against a governmental entity or its employee shall, before maintaining an action *under this act*,[1] file a written notice of claim with such entity for appropriate relief including money damages." (Emphasis added.) In *Dalton v. Salt Lake Suburban Sanitary District*, Utah, 676 P.2d 399 (1984), we held that actions brought against an entity for injuries not arising from the exercise of a governmental function were not subject to the notice requirement of the Governmental Immunity Act. In the instant case, Pleasant Grove admitted that it was unable to determine for what three releases of money totalling approximately $61,000 were made in payment. That admission raises a significant factual dispute on the issue of failure to properly supervise disbursements of funds, precluding a judgment in favor of Pleasant Grove as a matter of law.

## II

Plaintiffs' sixth and seventh causes of action are brought under sections 63–30–8 and 63–30–9, alleging breach of a nondelegable duty to maintain and repair the streets in Wade Springs Subdivision, and claims for damages flowing from Pleasant Grove's creation and maintenance of a private and public nuisance.

The relevant portion of section 63–30–11, dealing with the notice requirement, reads as follows:

The notice of claim shall set forth a brief statement of the facts and the nature of the claim asserted, shall be signed by the person making the claim ... and shall be directed and delivered to the responsible governmental entity....

■ Although the record contains a letter dated April 17, 1979, directed to the Pleasant Grove city council, in which some of the plaintiffs proposed that the city take legal action, it does not assert a claim or demand against the city for damages and does not therefore constitute sufficient notice as contemplated by the statute. *Scarborough v. Granite School District*, Utah, 531 P.2d 480 (1975) (failure to present notice in writing barred suit). The trial court properly dismissed the sixth and seventh causes of action, and summary judgment on those two causes is affirmed. *Yates v. Vernal Family Health Center*, Utah, 617 P.2d 352 (1980).

## III

■ In addition to seeking damages, plaintiffs in their complaint sought a "mandatory injunction" against Pleasant Grove, to compel it to take action against Scott, Utah Mortgage and Loan Corp., and Commercial Security Bank to bring about completion of the subdivision improvements. In response, Pleasant Grove cross-claimed against Scott, Utah Mortgage and Loan, and Commerical Security Bank to force completion but did nothing further in pursuit of its counterclaim, apparently because the plaintiffs would not drop their suit for damages against Pleasant Grove. U.C.A., 1953, § 57–5–4, provides that the recording of a subdivision plat operates as a dedication of all streets shown thereon to the city for public use. That being so, we conclude that Pleasant Grove had a duty to act to bring about the completion of the improvements in the streets when, as here, Scott had contracted with the city to install the improvements and the other two defendants held or had held escrowed funds to cover their costs. *Pacific County v. Sherwood Pacific, Inc.*, *supra*, and cases cited therein. More than the two years which were given to Scott to complete the improvements had elapsed. In fact, it appears that Scott was in default long before the expiration of the two years. A pertinent ordinance of Pleasant Grove, section 7–14–10(c)(3), gave the city the right to use the escrowed funds upon Scott's failure and proceed to install or cause to be installed the improvements. Pleasant Grove did not have the right to indefinitely sit back, refuse to act, and deny to the lot owners

---

1. In 1983, the legislature deleted the words, "under this Act."

the benefit and protection of the improvement contract and the escrow of funds. To the extent that the trial court refused the plaintiffs this relief, the denial of their motion for partial summary judgment was in error.

The case is remanded to the trial court for a trial on the merits of plaintiffs' fifth cause of action and for further consideration of plaintiffs' request for a "mandatory injunction" against Pleasant Grove for completion of the improvements. No costs on appeal awarded.

HALL, C.J., and DURHAM and ZIMMERMAN, JJ., concur.

STEWART, J., concurs in the result.