Le Ann R. SCHULTZ, Plaintiff and Appellant,

v.

Weldon CONGER, Defendant and Respondent.

No. 860181.

Supreme Court of Utah.

June 3, 1988.

John S. Snow, Salt Lake City, for plaintiff and appellant.

Louis E. Midgley, Salt Lake City, for defendant and respondent.

HOWE, Associate Chief Justice:

Plaintiff Le Ann R. Schultz appeals from an order dismissing her complaint for failure to comply with the notice provisions of the Governmental Immunity Act, Utah Code Ann. §§ 63–30–11 and –13 (1986).

Plaintiff commenced this action against defendant Weldon Conger to recover damages for her personal injuries. She alleged that while Conger was operating a motor vehicle for Salt Lake County, he negligently struck the rear of her vehicle, which was stopped at an intersection. Salt Lake County has not been made a party to this action. Defendant moved to dismiss the complaint on the ground that plaintiff had not complied with Utah Code Ann. § 63–30–13 (1986), which provides that a claim against a political subdivision or against its employee for an act occurring during the performance of his duties is barred unless notice of the claim is filed with the governing body of the political subdivision within one year after the claim arises. Plaintiff did not file a claim in accordance with this section.

However, in support of his motion to dismiss, defendant submitted an affidavit stating that at the time of the accident, he was serving subpoenas in the course of his employment as a deputy sheriff of Salt Lake County. This activity is clearly nongovernmental since rule 14(c) of the Utah Rules of Criminal Procedure and rules 45(c) and 4(d) of the Utah Rules of Civil Procedure provide that subpoenas in both criminal and civil cases may be served by any adult person. We held in *Standiford v. Salt Lake City*, 605 P.2d 1230 (Utah 1980), that the Governmental Immunity Act, sections 63–30–1 through –38, afforded immunity to the state, its political subdivisions, and its employees only when the employee is engaged in an essential governmental function, which we defined as a function which only government can perform. We later held that the notice requirements of the Governmental Immunity Act contained in section 63–30–13 applied only to claims arising from the performance of a true governmental function and not to nongovernmental functions. *Cox v. Utah Mort-gage & Loan*, 716 P.2d 783 (Utah 1986); *Dalton v. Salt Lake Suburban Sanitary District*, 676 P.2d 399 (Utah 1984).

Since plaintiff is suing an employee of a political subdivision who was engaged in a nongovernmental activity, she was not required to comply with the one-year notice requirements of section 63–30–13 and her complaint should not have been dismissed because of her failure to do so. It should be noted that in 1987 the legislature amended section 63–30–11 to require the filing of a notice of a claim whether the function giving rise to the claim is characterized as governmental or nongovernmental. That amendment, however, does not apply to the instant case where the claim arose in 1984.

The order is vacated, and the case is remanded for further proceedings.

HALL, C.J., and STEWART, DURHAM and ZIMMERMAN, JJ., concur.