282 P.2d 845

Florence J. ANDERSON, Plaintiff-Respondent,

v.

Lamar ANDERSON, Defendant-Appellant.

No. 8169.

Supreme Court of Utah.

April 26, 1955.

Fred L. Finlinson, Salt Lake City, for appellant.

McCullough, Boyce & McCullough, Salt Lake City, E. R. Callister, Salt Lake City, ·for respondent.

DUNFORD, District Judge.

A decree of divorce, based upon a stipulation provisionally settling property matters and child custody, was entered on September 26, 1949. Under the terms of the decree a tourist camp property situated at Phoenix, Arizona and belonging to the parties was to be sold and each was to have one-half of the proceeds. The plaintiff's half, with other properties distributed to her, was to be in lieu of all alimony. The defendant's half was to be placed in trust

in a Phoenix, Arizona, trust company and paid by such trustee to the plaintiff for child support at the rate of $250 per month. After the defendant's half of the sale price was thus exhausted, the defendant was then to pay to plaintiff $200 per month as support money. Both parties were authorized to list the tourist property for sale after October 1, 1949. The property has not been sold. No effort was made in conformance with law to modify the decree. Rather, on August 11, 1952, new counsel for plaintiff filed a "Petition for Order to Show Cause," which was unverified, and was unsigned by the plaintiff herself, which petition charged that the decree of divorce required the defendant to pay $200 per month as support money from the date of the decree, that $7,000 had become due to date, that defendant had paid only $2,420, and that he was then delinquent in the sum of $4,580 and that his failure was wilful. An award of $200 attorney fees was asked. The defendant, also by different counsel, by "Cross Petition," denied that he was delinquent under the decree and set up the true terms of the decree as stated supra. Upon hearing, the trial court, on August 22, 1952, found defendant *delinquent under the decree,* sentenced him to serve thirty days in the County jail and provided that the sentence would be suspended by defendant's paying the $200 which the court held that he was to pay under the terms of the decree and $100 to apply on delinquencies. $125 attorney fee was granted to plaintiff in addition to a judgment for a delinquency

of $4,484.41. Service of the Findings of Fact, Conclusions of Law and Order were made by mail upon counsel for the defendant on August 26, 1952.

No appeal was taken from this order, even though the defendant was, on February 10, 1953, committed to jail under it.

On May 4, 1953, more than eight months after the order for contempt and judgment, and through present counsel, the defendant filed his "Petition to Vacate an Order," upon which petition an order to show cause was issued and served, and the cause heard thereon on September 12, 1953, the court taking the question under advisement and denying the petition by formal findings of fact, conclusions of law and order, dated and filed February 23, 1954.

On March 23, 1954, the defendant served upon counsel for plaintiff a notice of appeal to this court, but he did not present it to the clerk for filing until March 24. Rule 58A(c) U.R.C.P. provides:

"A judgment is complete and *shall be deemed entered* for all purposes * * *when the same is signed and filed* as herein above provided. * * *" (Italics supplied.) In re Estate of Bundy, Utah, 241 P.2d 462.

As to the manner of taking an appeal from such an order, Rule 73(a) U.R.C.P. provides:

"A party may appeal from a judgment *by filing with the district court* a notice of appeal, together with sufficient copies thereof for mailing to the

Supreme Court and all other parties to the judgment, and depositing therewith the fee required for docketing the appeal in the Supreme Court. * * *"

As to the time for taking the appeal, the same Rule provides:

"When an appeal is permitted from a district court to the Supreme Court, the time within which an appeal may be taken shall be *one month from the entry of* the judgment appealed from unless a shorter time is provided by law, except that upon a showing of excusable neglect *based on a failure of a party to learn of the entry of the judgment* the district court in any action may extend the time for appeal not exceeding one month from the expiration of the original time herein prescribed. * * *" (Italics supplied.)

No extension of time for any cause was either sought or granted.

■ It must be noted that this Rule prescribes the only circumstance under which the court may extend the time for filing notice of appeal. Thus, neither Rule 6(b) U.R.C.P., granting the court power to extend where a failure to act in time is due to "excusable neglect" generally, nor Rule 60(b) (1) authorizing the court to relieve from a final judgment for inadvertence or excusable neglect, applies where the Notice of Appeal has not been filed in time. Burke v. Canfield, 72 App.D.C. 27, 111 F.2d 526.

■ The purpose of this Rule to make jurisdictional a failure to file the notice of appeal on time is clearly evident by the special provision therein that:

"Failure of the appellant to take *any of the further steps to secure* the review of the judgment appealed from *does not affect the validity of the appeal,* but is ground only for such remedies as are specified in this rule or, when no remedy is specified, for such action as the Supreme Court deems appropriate, which may include dismissal of the appeal." (Italics supplied.)

In the cause In re Estate of Lynch (Brennan v. Lynch), Utah, 254 P.2d 454, we held:

"Rule 73, Utah Rules of Civil Procedure, requires an appeal to be taken within one month from the entry of the judgment appealed from * * * and that a party may appeal from a judgment *by filing with the district court* a notice of appeal. * * *

* * * * * *

"One month is a calendar month not a lunar month of 28 days, nor is it necessarily 30 days. Such a month commences at the beginning of the day of the month on which it starts and ends at the expiration of the day before the same day of the next month. Thus a month which starts with the beginning of the first day of a calendar month would end at the end of the last day of such month, and not at the last

end of the first day of the next month. If the month in question commenced on a day other than the first day of such month, such as at the beginning of the 23rd day of such month, it would end at the expiration of the 22nd day of the next month and not at the expiration of the 23rd day of the next month, which would be the beginning of another month. In the present case we exclude from our calculation the day of the act or event after which the designated period of time begins to run, which is November 22, the day on which the motion was overruled, and start counting from the beginning of the 23rd day of that month; *from that time one month* would end at the expiration of the 22nd day of December, or just before the 23rd commenced, which marked the beginning of another month. To hold in accordance with appellant's argument would require an overlapping of one day into the next month, and a longer period or greater number of days than the month in question contains." (Italics supplied.)

And in Holton v. Holton, Utah, 243 P.2d 438, 439, we held:

"Although the New Rules of Civil Procedure were intended to provide liberality in procedure, it is nevertheless expected that they will be followed, and unless reasons satisfactory to the court are advanced as a basis for relief from complying with them, parties will not be excused from so doing."

 It is thus clear that this appeal was not taken in time, that the failure to do so is jurisdictional and noticeable by the court sua sponte. The appeal is dismissed with costs to the respondent.

McDONOUGH, C. J., WADE and WORTHEN, JJ., and JOHN L. SEVY, District Judge, concur.

CROCKETT and HENRIOD, JJ., having disqualified themselves did not participate herein.