466 P.2d 843

**Brigham G. HOLBROOK and Betty Holbrook, his wife, Plaintiffs and Respondents,**

v.

**William M. HODSON and Rose B. Hodson, his wife, Defendants and Appellants.**

No. 11767.

Supreme Court of Utah.

March 12, 1970.

---

Richard L. Bird, Jr., of Richards & Watkins, Salt Lake City, for defendants and appellants.

Sumner J. Hatch, Hatch, McRae & Richardson, Salt Lake City, for plaintiffs and respondents.

CALLISTER, Justice.

This action was for specific performance of a contract of sale of real property. The trial court held specific performance was not appropriate but awarded plaintiffs a judgment for damages. The judgment was entered on the 24th of January, 1969. On the 6th of February, 1969, defendants filed a motion for a new trial or in the alternative to amend the findings and judgment. This motion was untimely, since it was filed more than ten days after entry of judgment, Rules 59(b) and 52(b), U.R.C.P.

On the 26th of March, 1969, after the time to appeal had expired and this court no longer had jurisdiction to entertain an appeal, plaintiffs filed a motion to strike defendants' motion for a new trial because it was not timely filed. On the 31st of March, defendants filed a motion for relief from late filing. On the 14th of April, the trial court denied plaintiffs' motion to strike, found it unnecessary to rule on defendants' motion for relief from late filing, and then denied defendants' motion for a new trial. Defendants immediately appealed to this court, and plaintiffs filed a motion to dismiss the appeal, which was granted on June 2, 1969.

Thereafter, defendants noticed up their motion for relief from a late filing in the district court. By interlineation to their original motion, which merely pleaded inadvertence, they claimed relief from the judgment under Rule 60(b) (1), U.R.C.P. They asserted that they were entitled to relief because of the inadvertence, mistake, or excusable neglect of their attorney in not timely filing their motion for a new trial. Defendants contended that the judgment was signed and delivered to the clerk on the 24th of January, but the clerk did not photograph and mail a copy to defendants' attorney until the following Monday,

January 27th. The attorney, by affidavit, stated that he believed that he had until the 6th of February in which to file the motion, which was ten days from the 27th of January, the date appearing on the clerk's mailing certificate. The affiant claimed that he was unaware and inadvertently failed to notice that the time for filing his motion expired on February 3, 1969.[1]

On June 23, 1969, the trial court granted defendants' motion for relief from late filing upon the ground of mistake and excusable neglect of the clerk and inadvertence and excusable neglect of counsel.

On June 27, 1969, plaintiffs applied to this court for an extraordinary writ to prohibit the trial court from hearing defendants' motion for a new trial; this court denied plaintiffs' petition.

After a hearing, the trial court entered an order on July 23, 1969, denying defendants' motion for a new trial, and defendants appealed.

Plaintiffs contend that this appeal should be dismissed. We agree; when this court initially dismissed the appeal in June of 1969 for lack of jurisdiction, the matter became final.

Rule 73(a), U.R.C.P., provides:

 * * * the time within which an appeal may be taken shall be one month from the entry of judgment appealed from unless a shorter time is provided by law, except that upon a showing of excusable neglect based on a failure of a party to learn of the entry of the judgment the district court in any action may extend the time for appeal not exceeding one month from the expiration of the original time herein prescribed. The running of the time for appeal is terminated by a *timely motion* made pursuant to any of the rules hereinafter enumerated, * * *. [Emphasis added.]

■ Defendants' motion for a new trial was not timely filed under Rules 52(b) or 59(b), and under Rule 6(b) the trial court may not extend the time for taking any action under these rules except to the extent or under the conditions stated in them. The overriding principle of all the aforementioned rules is to assure the finality of judgments.[2]

---

1. The date of entry of the judgment appeared thereon, counsel apparently observed the date of the mailing certificate.
2. See *Anderson v. Anderson,* 3 Utah 2d 277, 280, 282 P.2d 845 (1955), wherein this court observed that Rule 73(a) prescribes the only circumstances under which the court may extend the time for filing notice of appeal. Neither Rule 6(b), granting the court power to extend where a failure to act in time is due to excusable neglect generally, nor Rule 60 (b) (1), authorizing the court to relieve from final judgment for inadvertence or excusable neglect applies where the notice of appeal has not been filed in time. The purpose of Rule 73 is to make jurisdictional a failure to file the notice of appeal on time.

At the time that plaintiffs filed their first motion to dismiss the appeal in this court in May of 1969, defendants did not file any responsive pleadings. It was only subsequent to the dismissal of the appeal that defendants attempted to procure the relief provided under Rule 60(b)(1). The initial motion for relief from late filing, upon which the trial judge did not pass at the hearing on plaintiffs' motion to strike, did not invoke Rule 60(b)(1) and plead for relief from a *final judgment* provided thereunder. When this court has once dismissed an appeal because it has no jurisdiction after the time for appeal has expired, it is powerless to reinstate the appeal. There is no manner by which the district court can then subsequently confer jurisdiction upon this court.

Appeal dismissed; costs to respondents

TUCKETT, HENRIOD, and ELLETT, JJ., concur.

CROCKETT, C. J., concurs in the result.