**Velma Gladys YATES, Plaintiff and Appellant,**

**v.**

**VERNAL FAMILY HEALTH CENTER, a Project of the Division of Family and Community Medicine, University of Utah; Uintah County; Uintah County Hospital; Vernal Drug Company, a Utah corporation; Gordon Lee Balka, M. D., Defendants and Respondents.**

**No. 16602.**

Supreme Court of Utah.

Aug. 29, 1980.

Robert M. McRae of McRae & DeLand, Vernal, for plaintiff and appellant.

---

3.  See Rule 61, U.R.C.P.; *Eager v. Willis*, 17 Utah 2d 314, 410 P.2d 1003 (1966).

Leonard H. Russon, Salt Lake City, for Uintah County Hospital.

John H. Snow, Salt Lake City, Gayle McKeachnie, Vernal, for Vernal Drug Co.

D. Gary Christian, Salt Lake City, for Dr. Balka.

William Evans, Asst. Atty. Gen., Salt Lake City, for University of Utah.

Robert B. Hansen, Atty. Gen. and Michael L. Deamer, Asst. Atty. Gen., Salt Lake City, for defendants and respondents.

WILKINS, Justice:

This is an appeal from an order of the District Court of Uintah County dismissing the medical malpractice complaint filed by Appellant Velma Gladys Yates. The complaint was dismissed as to all defendants for failure to comply with the notice requirement of § 78–14–8 [1] of the Utah Health Care Malpractice Act.[2] In addition, the complaint was dismissed as to Respondents Uintah County and Uintah County Hospital for failure to file the notice required by § 63–30–13 of the Utah Governmental Immunity Act and the provision of § 17–15–10.[3]

Appellant Velma Yates alleged in her complaint that during the period from December, 1975, through March, 1978, she was a patient of Respondent Dr. Gordon Lee Balka. Allegedly during this period, Dr. Balka prescribed medications for appellant to which she claims she became addicted.

On March 12, 1977, appellant was admitted to Respondent Uintah County Hospital in a disoriented and incoherent state allegedly caused by "drug overdose and abuse". After approximately three days in the hospital and because, appellant alleges, of negligent treatment received in the hospital, she began experiencing convulsive seizures which ultimately resulted in her transfer to Holy Cross Hospital in Salt Lake City on March 17, 1977. There the seizures were controlled and appellant was returned to Uintah County Hospital on April 6, 1977, and thereafter discharged a few days later on April 12. Appellant further alleges that she discovered in March of 1978 that she was suffering from permanent central nervous system disorders as a result of the seizures resulting from the negligently prescribing of medications and the subsequent hospitalization and medical negligence of defendants. Respondent Balka's alleged negligence was in prescribing the quantity and variety of drugs which appellant used. Respondent Vernal Family Health Center was named as a defendant in its capacity as the employer of Dr. Balka. Respondent Vernal Drug Company was allegedly negligent in filling the prescriptions ordered by Dr. Balka knowing "that the quantity and volume of such use would obviously result in drug overdose, drug abuse and drug dependency and that the proximate result of the excessive use of the prescribed medications would be damaging and dangerous" to appellant.

On April 12, 1978, appellant (more precisely, appellant's husband as noted *infra*) served a document in letter form which purported to be the notice required by § 78–14–8. Thereafter, on July 19, 1978, appellant filed her complaint.

Each of the named defendants–respondents here–filed answers and each filed a motion to dismiss arguing that the notice served was deficient. Specifically, respondents maintain that the letter indicated that Marzine Yates, appellant's husband and not appellant here, was the potential claimant, and further argued that the notice did not contain all of the elements required by the Malpractice Act. The motions to dismiss brought by Uintah County and Uintah County Hospital further alleged failure to comply with the notice provisions of the Governmental Immunity Act and § 17–15–10 noted *ante*. Respondent Vernal

---

1. All references are to Utah Code Ann., 1953, as amended.

2. Section 78 14 1 et seq.

3. Section 17 15 10 prescribes the procedure required to present claims to the board of county commissioners, and requires that the county auditor pass upon such claims prior to action by the board.

Family Health Center likewise alleged failure to comply with the Governmental Immunity Act.

On appeal, appellant maintains that she was substantially in compliance with the notice requirements of the Malpractice Act and therefore that the dismissal of her complaint was erroneous. We agree with the District Court that the *plaintiff* (or guardian) must file the required notice, and in this case it was appellant's husband rather than appellant who filed the notice.

However, the District Court as well as the parties herein have overlooked that portion of our recent decision in *Foil v. Ballinger,*[4] where we stated:

Section 78–14–8 merely prescribes a condition precedent to the filing of a summons or a complaint. A failure to comply with such conditions does not constitute an adjudication on the merits, but is merely a procedural defect that does not relate to the merits of the basic action in any way.[5]

Therefore, pursuant to § 78–12–40, appellant has one year from the dismissal of that action—or, in this situation, one year from the filing of this opinion—in which to bring that action. She must, of course, serve a proper notice of intent to commence action prior to filing another complaint.

With respect to Respondents Uintah County and Uintah County Hospital, the situation is different in that the dismissal was based not only on the failure to give notice pursuant to § 78–14–8, but also on a failure to give the notice required by the Governmental Immunity Act and § 17–15–10. We think the Immunity Act is dispositive in that § 63–30–13 provides:

A claim against a political subdivision is *barred* unless notice of claim is filed with the governing body of the political subdivision within one year after the cause of action arises. [Emphasis added.]

The record reflects that no such notice was filed with the county commission of Uintah County anytime during the year following appellant's discovery of her injury, and hence the District Court was correct in dismissing the complaint as to Uintah County and Uintah County Hospital with prejudice.[6]

Furthermore, this view is not changed by appellant's argument that § 63–30–13 is unconstitutional because it denies appellant and others in the same situation the equal protection of the laws. This argument was raised for the first time on appeal and is therefore not properly before this Court.[7]

Finally, appellant attacks the constitutionality of § 78–14–8. The thrust of her argument is that that section is special legislation and violates the guaranty of equal protection.[8] As to the special legislation argument, this Court held in *McGuire v. University of Utah Medical Center*[9] that the 1979 amendments to that section did not amount to unconstitutional special legislation. *McGuire* and its reasoning are controlling here, and hence we reject appellant's argument on this point.

Discussion of other matters raised is unnecessary as the ones addressed here are dispositive.

The District Court's dismissal orders are affirmed, with this caveat: that the com-

---

4. 601 P.2d 144 (1979).

5. Id., at 150.

6. It appears facially that the Vernal Family Health Center should be able to successfully invoke the defense of immunity as did Uintah County and Uintah County Hospital. Some ambiguity exists in the record before us, however, as to whether the Center is a governmental entity and hence subject to the Governmental Immunity Act. We therefore do not resolve this matter on the subject record.

7. See, e. g., *Park City Utah Corp. v. Ensign Co.*, Utah, 586 P.2d 446 (1978); *Wagner v. Olsen*, 25 Utah 2d 366, 482 P.2d 702 (1971); *Tygesen v. Magna Water Co.*, 13 Utah 2d 397, 375 P.2d 456 (1962).

8. She argues that that section violates the Utah Const., art. VI, § 26, art. I, §§ 2 and 24, and the U.S.Const., Amend. XIV, Equal Protection Clause.

9. 603 P.2d 786 (1979).

plaint against Uintah County and Uintah County Hospital are dismissed with prejudice; the complaint against Vernal Family Health Center, Vernal Drug Company and Goron Lee Balka, M. D., are dismissed without prejudice.

No costs awarded. The appellant and Respondents Vernal Family Health Center, Vernal Drug Company, and Gordon Lee Balka, M. D., may take such action consistent with this opinion as they deem advisable.

CROCKETT, C. J., and HALL, MAUGHAN and STEWART, JJ., concur.