Rebecca Sims LORD, Plaintiff
and Respondent,

v.

David George LORD, Defendant
and Appellant.

No. 19167.

Supreme Court of Utah.

Oct. 24, 1985.

Daniel A. Stratton, Salt Lake City, for defendant and appellant.

Michael D. Hughes, St. George, for plaintiff and respondent.

PER CURIAM:

Defendant appeals from a supplemental decree and judgment pertaining to distribution of property incident to a divorce decree filed on January 31, 1983. We dismiss the appeal as untimely.

On March 1, 1983, defendant mailed his motion to vacate judgment to court and opposing counsel. We accord that motion a liberal construction under Rule 1(a) of the Utah Rules of Civil Procedure, and interpret it to have been brought under Rule 52(b) or Rule 59 of the rules. Both rules mandate that a motion pursuant thereto must be made no later than ten days after judgment to terminate the running of the time for appeal. Utah R. Civil P. 73(a), in effect at the time here at issue. Defendant's motion was mailed twenty-nine days after entry of judgment, so that the time for appeal was not tolled and ended on February 28, 1983. Rule 73(a), *supra*. *Armstrong Rubber Co. v. Bastian*, Utah, 657 P.2d 1346 (1983).[1] Defendant's motion was denied on March 21. Defendant then prepared a notice of appeal which is dated the 12th of April. However, the mailing certificate does not show on what date it was mailed. The notice was filed in the district court on April 25th, thirty-five days after the entry of the order denying the motion. The date of filing determines timeliness. *Isaacson v. Dorius*, Utah, 669 P.2d 849 (1983). This Court therefore lacks jurisdiction to reach the merits of either the

1. Even if we considered defendant's motion to have been brought under Rule 60(b), the out- come of this case would still be the same. Rule 60(b) motions do not toll the time for appeal.

supplemental judgment or the order denying defendant's motion.

Appeal dismissed.