Caren **BISCHEL**, Plaintiff and Appellant,

v.

Heather J. **MERRITT** and Salt Lake County, et al., Defendants and Appellees.

No. 940559–CA.

Court of Appeals of Utah.

Nov. 30, 1995.

---

1. *Allen v. Kingdon,* 723 P.2d 394, 397 (Utah 1986).

Samuel King and Harold J. Dent, Jr., Salt Lake City, for Appellant.

Douglas R. Short, Salt Lake County Attorney, and Michael E. Postma, Deputy County Attorney, Salt Lake City, for Appellees.

Before ORME, P.J., and BENCH and JACKSON, JJ.

## OPINION

JACKSON, Judge:

Caren Bischel appeals the trial court's denial of her motion to set aside an order dismissing her personal injury action. Salt Lake County prevailed below on its motion to dismiss Bischel's action for failure to file a notice of claim in accordance with the Utah Governmental Immunity Act. We reverse and remand.

## FACTS

On February 1, 1993, Heather J. Merritt, a Salt Lake County employee, caused an automobile accident in which Bischel was allegedly injured. On April 22, 1993, Bischel prepared a notice of claim pursuant to Utah Code Ann. § 63–30–11 (1993) and called the Salt Lake County Commission to determine how and with whom the notice of claim should be filed. Bischel was told to send the notice to Trish McDonald at the Salt Lake County Attorney's Office. Bischel then called McDonald, who confirmed the instructions and provided the proper address for the notice. Bischel sent the notice by certified mail and received a return receipt signed by McDonald.

McDonald and other county employees subsequently negotiated the claim with Bischel. In May 1993, the county issued a $680 check for property damage to Bischel's vehicle. By January 1994, however, Bischel's personal injury claim had not been settled, and she filed the present action. Salt Lake County then moved to dismiss Bischel's lawsuit for lack of subject matter jurisdiction, asserting the claim was not preserved as required by the Utah Governmental Immunity Act. *See* Utah Code Ann. § 63–30–13 (1993). The County based its motion to dismiss on the single fact that Bischel's notice of claim was addressed to McDonald rather than to the County Commission.

■ The trial court granted the County's motion. The County, however, failed to give Bischel timely notice of the entry of judgment. *See* Utah R.Jud.Admin. 4–504(4) (1995). Once she received the trial court's

order of dismissal, Bischel filed a motion to set aside that order.[1] Bischel now challenges the trial court's denial of her rule 60(b) motion.

## NOTICE OF CLAIM REQUIREMENT

■ Bischel argues the trial court abused its discretion when it failed to recognize a mistake and set aside its order. The County responds the trial court made no mistake of law and therefore did not abuse its discretion in refusing to set aside its original order of dismissal. Rule 60(b)(1) provides a trial court may relieve a party of a judgment in case of mistake.[2] A judicial error or "mistake of law by the trial court may support a Rule 60(b) motion." *Udy v. Udy*, 893 P.2d 1097, 1099 (Utah App.1995). Trial courts have discretion to determine whether a mistake of law existed, and we will reverse only if there has been an abuse of that discretion. *Id.* Under the facts of the present case, we conclude a mistake of law existed; therefore, the trial court abused its discretion when it denied Bischel's rule 60(b) motion.

■ The Utah Governmental Immunity Act provides that

[a]ny person having a claim for injury against a governmental entity, or against an employee for an act or omission occurring during the performance of his duties, within the scope of employment, or under color of authority shall file written notice of claim with the entity before maintaining an action, regardless of whether or not the function giving rise to the claim is characterized as governmental.

. . . .

*... The notice of claim shall be ... directed and delivered to the responsible governmental entity according to the requirements of Section 63–30–12 or 63–30–13.*

Utah Code Ann. § 63–30–11 (1993) (emphasis added). The requirements of section 63–30–13 simply provide that

[a] claim against a political subdivision, or against its employee for an act or omission occurring during the performance of his duties, within the scope of employment, or under color of authority, *is barred unless notice of claim is filed with the governing body of the political subdivision within one year after the claim arises.*

*Id.* § 63–30–13 (emphasis added). Under these sections, plaintiffs must give timely notice to the governing body of a county to maintain an action against that county.

It is undisputed that Bischel sent a certified notice of claim to the Salt Lake County Attorney's Office and that the County Attorney's Office accepted that notice. The trial court concluded Bischel's formal complaint was barred because Bischel failed to file a proper notice of claim in compliance with the Utah Governmental Immunity Act. To determine the accuracy of the trial court's legal conclusion, we must determine what filing a notice of claim with the governing body practically requires of citizens with claims against political subdivisions of the state. *See Brittain v. State ex rel. Utah Dep't of Employ-*

---

**1.** We note that Bischel labeled her motion to set aside the trial court's order of dismissal as being made pursuant to rules 59 and 60 of the Utah Rules of Civil Procedure. However, Bischel filed the motion more than ten days after entry of judgment because she did not receive timely notice of the judgment from the County. The trial court thus properly considered the motion under rule 60 of the Utah Rules of Civil Procedure, rather than under rule 59. *See* Utah R.Civ.P. 59; *Fackrell v. Fackrell*, 740 P.2d 1318, 1319 (Utah 1987) (Rule 59 motions must be made within ten days after entry of judgment).

**2.** Although Bischel labeled her motion as a rule 60(b)(7) motion, it is the substance of the motion, not the caption that is controlling. *State v. Parker*, 872 P.2d 1041, 1044 (Utah App.), *cert. de-*

*nied*, 883 P.2d 1359 (Utah 1994); *Kunzler v. O'Dell*, 855 P.2d 270, 273 (Utah App.1993). Thus, the trial court should have treated the motion as a rule 60(b)(1) motion rather than a rule 60(b)(7) motion because the substance of the motion challenged the trial court's definition of "strict compliance" required by the Utah Governmental Immunity Act. Furthermore, the trial court should have treated the motion as falling under rule 60(b)(1) because that subsection benefited Bischel. *See Parker*, 872 P.2d at 1044 n. 3 (noting court should choose rule 60 subsection that most benefits party seeking relief). Additionally, Bischel filed her motion within the three-month time frame required by rule 60(b)(1).

*ment Sec.*, 882 P.2d 666, 669–70 (Utah App. 1994).[3]

The statute does not prescribe a specific manner or method for filing notice with the governing body of the political subdivision. Whereas requirements for the form and content of the notice of claim are specifically articulated in the statute, *see* Utah Code Ann. § 63–30–11(3) (1993), requirements for direction and delivery of the notice must be inferred from the phrase, "notice of claim is filed with the governing body of the political subdivision within one year after the claim arises." *Id.* § 63–30–13. In other words, although the time requirement is clearly expressed, the statute is generally silent about *how* notice should be filed with the governing body. Furthermore, the County has not articulated any policy or specific procedure for citizens to file notice of civil claims.

Because the statute does not prescribe specific procedures for direction and delivery of the notice of claim, we will interpret section 63–30–13 "in a manner consistent with the overall purpose of the Utah Governmental Immunity Act." [4] *Brittain,* 882 P.2d at 670. "It is necessary to consider the policy of the notice requirement so that in any particular case the facts can be evaluated to determine if the intent of the statute has been accomplished...." *Stahl v. Utah Transit Auth.,* 618 P.2d 480, 482 (Utah 1980).

> "[T]he primary purpose of a notice of claim requirement is to afford the responsible public authorities an opportunity to pursue a proper and timely investigation of the merits of a claim and to arrive at a timely settlement, if appropriate, thereby avoiding the expenditure of public revenue for costly and unnecessary litigation."

*Brittain,* 882 P.2d at 671 (quoting *Stahl,* 618 P.2d at 482). Filing notice "tends to minimize the difficulties that may arise due to changes in administrations" and "protects against the passage of time obscuring memory and distorting a plaintiff's recollection of the events which are at the heart of the claim." *Id.* at 671.

In the present case, Bischel, not finding explicit instructions in the statute but wanting to ensure her notice was directed and delivered correctly, called the County Commission and was instructed to send the notice to Trish McDonald in the County Attorney's office. Bischel took the further step of confirming the County Commission's instruction with McDonald. McDonald agreed she was the proper person to receive the notice and even provided the address where the notice should be filed. Thus, McDonald verified her apparent authority to receive the notice on behalf of the County Commission.

McDonald's instruction to Bischel was certainly reasonable given that the County Attorney's staff investigates and negotiates civil claims against the County. Bischel had no reason to question such a sensible instruction. Bischel's notice enabled the County to investigate the claim and to move toward settlement. Bischel's notice also memorialized the events at the heart of her claim. Bischel thus fulfilled the purpose of the notice requirement by filing notice of her claim with the designated person in the County Attorney's Office.

Considering the duties and authority delegated to the County Attorney's Office, it is evident that the governmental entity entrusted with investigating and settling or defending the claim received the requisite notice well within the one-year period imposed by the statute. Directing and delivering her notice of claim to the County Attorney's Office in no way inhibited settling Bischel's claim without resort to litigation. In fact, given the powers and responsibilities the County has bestowed upon the County Attor-

---

3. In dissent, Judge Bench asserts our reliance on *Brittain* is erroneous because *Brittain* interpreted a different statute. Indeed, *Brittain* focused on section 63–30–12 rather than on section 63–30–13. However, the two sections are identical in their requirements for directing and delivering notice of claim. The basic difference between the two sections is that section 63–30–12 addresses claims against the state while section 63–30–13 addresses claims against political subdivisions of the state.

4. For brief discussions of how the doctrine of governmental immunity evolved, see *Condemarin v. University Hosp.,* 775 P.2d 348, 349–51 (Utah 1989), and *Brittain,* 882 P.2d at 668–69.

ney's Office, the opposite is true. *See id.* at 672. Filing notice with the County Attorney's Office facilitated settlement discussions. Indeed, the County Attorney's Office actively pursued settlement of Bischel's claim, even paying her property damage.

■ Utah courts have established a rule of strict compliance with the notice provisions of the Utah Governmental Immunity Act. *See, e.g., Yates v. Vernal Family Health Ctr.,* 617 P.2d 352, 354 (Utah 1980); *Lamarr v. Utah State Dep't of Transp.,* 828 P.2d 535, 541 (Utah App.1992). Our holding today is consistent with that rule. The present case is not one in which a plaintiff gave no notice, *see, e.g., Madsen v. Borthick,* 658 P.2d 627, 628 (Utah 1983), or in which a plaintiff filed only one of the two required notices, *see, e.g., Lamarr,* 828 P.2d at 540–41. This case is also not one in which the notice of claim was defective in form or content, *see, e.g., Cox v. Utah Mortgage & Loan Corp.,* 716 P.2d 783, 786 (Utah 1986), or in which notice of claim was not filed within the one-year period, *see, e.g., Richards v. Leavitt,* 716 P.2d 276, 277 (Utah 1985) (per curiam). As required by the statute, Bischel gave the County notice of claim; Bischel's notice complied with the statute's form and content requirements; and Bischel's notice was timely filed. Bischel therefore strictly complied with the statute and with the County Commission's instructions.

In sum, because Bischel directed and delivered her notice precisely as instructed by the statute and the County Commission, her notice was adequate. Further, because her notice and the ensuing lawsuit were timely filed, the trial court's refusal to set aside its dismissal must be reversed. Bischel must be given the opportunity to pursue her claim.[5] It appears at best disingenuous for the County to argue that Bischel's notice was inadequate merely because she directed and delivered it as the County Commission and County Attorney's Office instructed. The public deserves more consistent, more credible treatment from its servants.

5. We have also reviewed Bischel's claim for costs and attorney fees incurred on appeal. We deny the claim, finding it without merit. *See State v.*

## CONCLUSION

We hold that Bischel's notice of claim met the requirements of the Utah Governmental Immunity Act. We therefore conclude the trial court abused its discretion when it failed to find a mistake of law under rule 60(b)(1) and denied Bischel's motion to set aside its earlier judgment. Accordingly, we reverse the trial court's order and remand the matter for further proceedings consistent with this opinion.

ORME, P.J., concurs.

BENCH, Judge (dissenting):

Had Bischel filed a timely appeal from the judgment of dismissal, we would have to reach the issue of whether she filed a timely notice of claim with "the governing body" as required by Utah Code Ann. § 63–30–13 (1993). However, Bischel did not appeal the judgment of dismissal. She appeals only the denial of her post-judgment motion. *See* main opinion at notes 1 and 2.

"The trial court is afforded broad discretion in ruling on a motion for relief from judgment under Utah R.Civ.P. 60(b), and its determination will not be disturbed absent an abuse of discretion." *Birch v. Birch,* 771 P.2d 1114, 1117 (Utah App.1989). Insofar as Bischel's post-judgment motion can be construed to be a 60(b) motion, the trial court acted within its discretion in denying the motion. To hold otherwise is to effectively allow a 60(b) motion to stay the time for appealing the underlying judgment. Utah courts have consistently held that a 60(b) motion does not stay the time for appealing a judgment. *Lord v. Lord,* 709 P.2d 338, n. 1 (Utah 1985) (per curiam) (stating that "[r]ule 60(b) motions do not toll the time for appeal"); *Peay v. Peay,* 607 P.2d 841, 842 (Utah 1980) (explaining that rule 60(b) motion does not extend time for filing notice of appeal); *Holbrook v. Hodson,* 24 Utah 2d 120, 122 n. 2, 466 P.2d 843, 845 n. 2 (1970) (same); *Anderson v. Anderson,* 3 Utah 2d 277, 280, 282 P.2d 845, 847 (1955) (same); *see also* Utah R.App.P. 4(b).

*Carter,* 776 P.2d 886, 888–89 (Utah 1989) (observing court may decline to address arguments without merit on appeal).

In her post-judgment motion, Bischel reargued and restated the same arguments she had made in opposing the motion to dismiss. No new information was provided, nor were any new arguments made. The trial court held that Bischel "failed to articulate sufficient reasons justifying relief," and denied the post-judgment motion. That ruling is within the broad discretion of the trial court.

Even if we could get beyond the procedural defect discussed above, the main opinion fails to follow controlling precedent in discussing the merits of the case. The main opinion erroneously relies upon *Brittain v. State*, 882 P.2d 666 (Utah App.1994) to divine the meaning of the "governing body" provision of section 63–30–13. *Brittain*, however, involved a different statute.

In *Brittain*, the plaintiff had been injured at a Job Service building in Provo, Utah. This court was interpreting section 63–30–12, which requires notice to be filed with the Attorney General's office and the "agency concerned" in any action against the state. The plaintiff properly served notice upon the Attorney General's office but instead of also serving notice upon Job Service or the Division of Facilities Construction and Management, the plaintiff sent notice to the Division of Risk Management. At trial, the State succeeded on its motion to dismiss for failure to file notice with the "agency concerned," and the plaintiff appealed. To interpret "agency concerned," this court relied on the dictionary definition of "concerned" as including those who are "interested." The court concluded that "interested" included the Division of Risk Management since it ultimately handled such claims. *Id.* at 671.

However, this type of interpretation is inappropriate in construing the "governing body" provision of section 63–30–13. In construing that section, the Utah Supreme Court has previously indicated that the governing body of a county is the county commission. *Yates v. Vernal Family Health Ctr.*, 617 P.2d 352, 354 (Utah 1980). In *Yates*, the supreme court expressly held that a complaint against a county was properly dismissed because plaintiff did not give timely notice to the county commission. *Id.*

Bischel did not serve any notice on the Salt Lake County Commission. Bischel also failed to establish, by competent evidence, that she had followed the county commission's instructions as to how to file a notice of claim. She presented no sworn statement from a member of the county commission or any employee of the commission. She did not even secure a sworn statement from Trish McDonald.[1] Merely claiming that some unidentified person told her where and how to file her claim is not enough to withstand the strict filing requirements of the Governmental Immunity Act. *See Lamarr v. Utah State Dep't of Transp.*, 828 P.2d 535, 540–41 (Utah App.1992). Bischel has failed to meet her burden of showing that the county commission, in some way, waived those strict notice requirements.

Implicit in the main opinion's decision is that because of what an unidentified commission employee allegedly told Bischel's attorney, the county commission should now be estopped from holding Bischel to the strict requirements of the Governmental Immunity Act. It is, however, very difficult to estop the government. *See Utah State Univ. v. Sutro & Co.*, 646 P.2d 715, 720 (Utah 1982). Only "well-substantiated representations" by a governmental entity will suffice. *Anderson v. Public Serv. Comm'n*, 839 P.2d 822, 828 (Utah 1992). To estop a governmental entity, its representations must generally take the form of a written statement by an authorized person. *Id.* at 827; *Celebrity Club, Inc. v. Utah Liquor Control Comm'n*, 602 P.2d 689, 694–95 (Utah 1979); *Eldredge v. Utah State Retirement Bd.*, 795 P.2d 671, 675–76 (Utah App.1990).

There is clearly no written statement in this case. Bischel has not even identified the commission employee who allegedly told her to file her notice with the county attorney. Under those circumstances, the county commission cannot be estopped from holding Bis-

---

1. Bischel's attorney merely alleged that an unidentified receptionist told him to file a notice with McDonald in the county attorney's office. In an affidavit, the Chief Deputy of the Government Services Division of the county attorney's office stated that Trish McDonald was not authorized to accept notices of claim on behalf of the county commission.

chel to the strict notice provisions of the Governmental Immunity Act.

For the foregoing reasons, I would affirm.