Robert Dale STRALEY, Plaintiff and Appellant,

v.

The Honorable Bruce K. HALLIDAY, Defendant and Appellee.

No. 980127–CA.

Court of Appeals of Utah.

May 21, 1998.

Robert Dale Straley, Draper, Appellant Pro Se.

Brent M. Johnson, Salt Lake City, for Appellee.

Before DAVIS, WILKINS and BENCH, JJ.

PER CURIAM:

Appellant Robert Dale Straley appeals from the dismissal of his civil complaint for failure to comply with Utah Code Ann. § 21–7–3 (Supp.1997). The case is before the court on cross-motions for summary disposition.[1]

The single issue in this appeal is whether the trial court properly dismissed a complaint on the basis that the affidavit alleging indigency was facially "insufficient to establish that [the appellant] is without means to pay a filing fee." The affidavit filed by appellant recited, in sum, that he (1) was incarcerated at the Utah State Prison, (2) had no income from any source, and (3) had no funds in any savings or checking account. The affidavit also contained the attestation that "I, Robert Dale Straley, do solemnly swear that owing to my poverty, I am unable to bear the expenses of the action or legal proceeding which I am about to commence." The trial court dismissed the complaint, without further inquiry into indigency, in an order stating:

> Plaintiff has tendered a complaint under Section 78–35–1, Utah Code, and has asked the court to authorize filing without payment of the filing fee. The affidavit submitted by plaintiff is insufficient to establish that he is without means to pay a filing fee. The court is informed that prison inmates do receive allowances for expenditures. Plaintiff has not shown that he could not, in a reasonable amount of time, do without luxuries and save enough to pay the filing fee. The court accordingly directs that the complaint be dismissed for failure to tender the filing fee or proper evidence of impecuniosity.

The statutes governing indigency determinations were extensively amended, effective April 29, 1996, and set forth a detailed procedure for making the determinations. Utah Code Ann. § 21–7–3 (Supp.1997) specifies the required contents for an affidavit of impecuniosity. Specifically, section 21–7–3(4) requires a prisoner claiming indigency to "disclose the amount of money held in his prisoner trust account at the time the affidavit is executed as provided in Section 21–7–4.5." Utah Code Ann. § 21–7–4.5(2) (Supp.1997) states, in relevant part, that "[u]pon

---

1. Appellee's response to appellant's motion for summary reversal states: "Plaintiff's motion for summary disposition requesting reinstatement of the complaint ... should be denied and the deci-sion of Judge Anderson should be summarily affirmed." Appellant filed a response in the form of an objection; accordingly, both motions are before the court.

receipt of the oath or affirmation filed with any Utah court by a prisoner, the court shall immediately request the institution or facility where the prisoner is incarcerated to provide an account statement detailing all financial activities in the prisoner's trust account for the previous six months or since the time of incarceration, whichever is shorter." Following receipt of the statement, the court must "review both the affidavit of impecuniosity and the financial account statement and make an independent determination based on the information whether or not the prisoner is financially capable of paying all the regular fees and costs associated with filing the action." Utah Code Ann. § 21–7–4.5(3) (Supp.1997). If the court makes a determination that the prisoner is unable to pay the full fees and costs, "the court shall assess a partial filing fee equal to 50% of the prisoner's current trust account balance or 10% of the prisoner's six-month aggregate disposable income, whichever is greater." Utah Code Ann. § 21–7–4.5(4) (Supp.1997).

After assessing the filing fee, the trial court "shall immediately notify the litigant in writing of the partial or full filing fee required as a prerequisite to proceeding with the action and the procedure available to challenge the filing fee assessment as provided in Section 21–7–4.7." Utah Code Ann. § 21–7–4.6(1) (Supp.1997). The action does not proceed until the assessed costs and fees are paid, "except as provided in Section 21–7–4.7." Utah Code Ann. § 21–7–4.6(2) (Supp. 1997). If a litigant successfully challenges an assessment of filing fees and costs, the court may reduce the assessment or authorize the action to proceed without prepayment of costs and fees under Utah Code Ann. § 21–7–4.7 (Supp.1997).

Appellee contends appellant's affidavit "only cursorily provided the required information on income, assets and debts" and "did not disclose any information about his prisoner trust account as required by § 21–7–3(4)." Accordingly, appellee argues for the first time on appeal that Utah Code Ann. § 21–7–2 (1995) prevented the trial court from accepting the complaint without prepayment of filing fees. Appellee relies upon language of section 21–7–2 stating that no state or county officer may "perform any official service unless the fees prescribed for that service are

paid in advance." *Id.* § 21–7–2(1)(a) (1995). Appellee contends this provision authorizes or mandates summary dismissal of a complaint based upon facial insufficiency of an affidavit alleging impecuniosity.

Although appellant's affidavit is cursory and omits specific reference to a prisoner trust account, the clear import is a claim that he had no financial resources from any source. Section 21–7–3(4) cross-references section 21–7–4.5(2), which states that the court, upon receipt of an affidavit from a prisoner, "shall immediately" request a statement detailing activity in the prisoner trust account from the institution where the prisoner is incarcerated. "Where possible, statutes should be construed to be mutually consistent." *Mountain States Tel. & Tel. Co. v. Payne,* 782 P.2d 464, 467 (Utah 1989). The disposition urged by appellee in this case would disregard the duty placed upon the trial court to independently assess a litigant's ability to pay a full or partial fee and costs upon the filing of an affidavit alleging indigency, as well as the procedures allowing a litigant notice and an opportunity to either pay the assessed fee and costs or contest the assessment.

Given the specificity of the procedures for assessing fees and costs for filings made by litigants claiming by affidavit to be impecunious, and the absence of any provision authorizing dismissal of a complaint before the court makes that assessment, the trial court erred in dismissing the complaint without undertaking the analysis required by section 21–7–4.5.

We reverse the dismissal of the complaint and remand the case to the trial court with instructions to undertake the required analysis under Utah Code Ann. § 21–7–4.5 through –4.7 (Supp.1997) and for further proceedings consistent with this decision. Those proceedings may include requiring appellant to file an affidavit fully complying with Utah Code Ann. § 21–7–3(4) (Supp.1997).

DAVIS, P.J., WILKINS, Associate P.J., and BENCH, J., concur.