2000 Utah Ct. App. 38

**Robert Dale STRALEY, Plaintiff and Appellant,**

v.

**Bruce K. HALLIDAY, individually and in his official capacity, Defendant and Appellee.**

No. 990096–CA.

Court of Appeals of Utah.

Feb. 17, 2000.

Before JACKSON, Associate P. J., and BENCH and DAVIS, JJ.

## OPINION

DAVIS, Judge:

¶ 1 Plaintiff Robert Dale Straley appeals from the judgment on the pleadings in favor of defendant Seventh District Judge Bruce K. Halliday, in which Straley sought to recover statutory damages under Utah Code Ann. § 78–35–1 (1996), for Judge Halliday's refusal to allow a writ of habeas corpus. Because this action is barred by the Utah Governmental Immunity Act, we affirm the judgment on the pleadings in favor of Judge Halliday.

## BACKGROUND

¶ 2 On appeal from the grant of a motion for judgment on the pleadings, we take the factual allegations of the nonmoving party as true, considering such facts "and all reasonable inferences drawn therefrom in a light most favorable to the [nonmoving party]." *Golding v. Ashley Cent. Irrigation Co.*, 793 P.2d 897, 898 (Utah 1990).

¶ 3 In June 1996, while imprisoned as a result of a probation violation, Straley filed a petition for a writ of habeas corpus, arguing that during the probation revocation hearing he was deprived of his right to counsel. Specifically, defendant argued that no counsel was appointed and any waiver was invalid. The matter came before Judge Halliday, who, in August 1996, denied the petition without a hearing as being without merit and frivolous. Straley did not appeal the denial.

¶ 4 Instead, in July 1997, Straley filed suit against Judge Halliday, alleging that Judge Halliday "wrongfully and willfully refus[ed] to allow the defendant/plaintiffs [sic] writ of Habeas Coupus [sic]," and seeking relief under section 78–35–1 of the Utah Code.[1] Straley also provided a notice of his claim at that time to the Office of the Utah Attorney General. In July 1998, Straley amended his

Robert Dale Straley, Draper, Appellant Pro Se.

Jan Graham, Attorney General, Brent A. Burnett, Assistant Attorney General, Salt Lake City, for Appellee.

---

**1.** This section provides: "Any judge, whether acting individually or as a member of a court, who wrongfully and willfully refuses to allow a writ of habeas corpus whenever proper application for the same has been made shall forfeit and pay a sum not exceeding $5,000 to the party thereby aggrieved." Utah Code Ann. § 78–35–1 (1996).

complaint,[2] adding that Judge Halliday acted with fraud and malice in denying the petition for a writ of habeas corpus, and provided a new notice of claim,[3] also asserting that Judge Halliday acted with fraud or malice.

¶ 5 This action originally came before Seventh District Judge Lyle R. Anderson. However, Straley filed an affidavit of bias seeking his recusal. Although the grounds cited in Straley's affidavit were found to be without merit and no bias was demonstrated, the case was ordered reassigned to a judge outside the Seventh District to avoid the possible appearance of impropriety as described in Informal Opinion No. 96–2. *See* Utah Ethics Advisory Committee Informal Op. 96–2 (June 26, 1996) ("[I]t is the Committee's opinion that the Code requires a trial judge to disqualify himself or herself from participation in proceedings involving an employee of the judge's district."). Hence, Judge John R. Anderson of the Eighth District Court was assigned to serve temporarily in the Seventh District to hear this case. Straley filed no affidavit of bias seeking Judge John R. Anderson's recusal.

¶ 6 Judge Halliday answered the complaint and moved for judgment on the pleadings pursuant to Rule 12(c) of the Utah Rules of Civil Procedure. Judge Halliday argued that Straley failed to state a claim upon which relief could be granted and that the Utah Governmental Immunity Act, *see* Utah Code Ann. §§ 63–30–1 to –38 (1997 & Supp.1999), barred Straley's claims. The trial court agreed and granted judgment in favor of Judge Halliday. Straley appeals from this judgment.

¶ 7 In support of reversal, Straley raises various arguments: (1) Judge John R. Anderson should have disqualified himself and, as a judge from another district, was not

authorized to preside over this case; (2) the Utah Governmental Immunity Act does not apply to an action under Utah Code Ann. § 78–35–1 (1996); (3) he has stated a cause of action; and (4) this action is not barred by principles of res judicata or collateral estoppel although Straley did not obtain a ruling on direct appeal from the denial of his petition for a writ of habeas corpus that such denial was wrongful.

## STANDARD OF REVIEW

■ ¶ 8 "The grant of a motion for judgment on the pleadings is reviewed under the same standard as the grant of a motion to dismiss, i.e., we affirm the grant of such a motion only if, as a matter of law, the plaintiff could not recover under the facts alleged." *Golding*, 793 P.2d at 898; *see In re Estate of West*, 948 P.2d 351, 353 (Utah 1997). Hence, because our review concerns only questions of law, we review for correctness. *See In re Estate of West*, 948 P.2d at 353.

## ANALYSIS

### Propriety of Judicial Assignment

■ ¶ 9 Straley assails the assignment of Judge John R. Anderson, first, arguing he should have been disqualified because of bias,[4] and second, because, as a judge in the Eighth District, he was unauthorized to hear a case in the Seventh District. Because Straley argues for the first time on appeal that Judge John R. Anderson was biased, we do not consider the issue. Rule 63(b) of the Utah Rules of Civil Procedure requires that when a party seeks the disqualification of a judge, that party must file an affidavit of bias "as soon as practicable after the case has been assigned or such bias or prejudice is

---

**2.** Prior to Straley's amendment, the action was dismissed on the basis that Straley's affidavit alleging indigency was insufficient. This court reversed that dismissal. *See Straley v. Halliday*, 959 P.2d 645, 646 (Utah Ct.App.1998) (per curiam).

**3.** The parties dispute to whom Straley provided this second notice. That is, Straley asserts he sent the notice to the Division of Risk Management, while Judge Halliday maintains it was served only on himself. Our review of the record

does not reveal a certificate of service. Nonetheless, the parties agree that no notice was provided to the Office of the Utah Attorney General.

**4.** Straley asserts Judge John R. Anderson is related to Judge Lyle R. Anderson and is therefore biased. Straley fails, however, to point to any facts in the record showing a relation between these two judges, and merely points to the shared surname of Anderson, a name which is particularly ubiquitous in Utah.

known." Further, this court has previously explained that we will not examine on appeal those "'matters not put in issue before the trial court,'" and that "a party alleging judicial bias or prejudice must first file an affidavit to that effect in the trial court." *Wade v. Stangl*, 869 P.2d 9, 11 (Utah Ct.App.1994) (quoting *Sukin v. Sukin*, 842 P.2d 922, 926 (Utah Ct.App.1992)).

¶ 10 Further, we reject Straley's contention that Judge John R. Anderson was unauthorized to preside over this action because he was a judge in another district. The Utah Code provides, "A judge of a court of record may serve temporarily as a judge in another geographic division or in another court of record, in accordance with the Utah Constitution and the rules of the Judicial Council." Utah Code Ann. § 78–7–9.5 (1996). The Utah Code of Judicial Administration further states:

> Any active judge of a court of record may serve temporarily as the judge of a court with different jurisdiction in the same or a different judicial district upon assignment by the presiding officer of the Council or assignment by the state court administrator with the approval of the presiding officer of the Council.

Utah Code Jud. Admin. R3–108(3)(B). Thus, Straley's contention that Judge John R. Anderson was unable to hear this case by virtue of him being an active judge in the Eighth District is without merit.

### Governmental Immunity

¶ 11 Judge Halliday argues that Straley's failure to properly comply with the Utah Governmental Immunity Act (Immunity Act),

see Utah Code Ann. §§ 63–30–1 to –38 (1996 & Supp.1999), is fatal to his claim under section 78–35–1. We agree.

¶ 12 The Immunity Act provides immunity from suit for governmental entities unless otherwise waived. *See id.* § 63–30–3 (1996). Further, to recover against a governmental employee personally for injuries occurring during the performance of the employee's duties, a plaintiff's sole remedy is through the Immunity Act, and to properly state a claim for relief, the plaintiff must allege fraud or malice.[5] *See id.* § 63–30–4(3) to (4);[6] *Day v. State ex rel. Utah Dep't of Public Safety*, 980 P.2d 1171, 1186 (Utah 1999) ("Government employees are now personally liable only for fraud or malice."); *Baker v. Angus*, 910 P.2d 427, 433 (Utah Ct.App.1996) (holding that Immunity Act barred claim for only simple negligence). The requirements of the Immunity Act apply to statutorily defined causes of action. *See, e.g., Moreno v. Board of Educ. of the Jordan Sch. Dist.*, 926 P.2d 886, 889–91 (Utah 1996) (opinion by Russon, J., concurred in by minority of court) (applying Immunity Act's notice requirements to action for wrongful death under Utah Code Ann. § 78–11–7 and holding notice was insufficient); *id.* at 892 (separate opinion of Howe, J., concurred in by majority of court) (same but holding notice of claim was sufficient); *Neel v. State*, 854 P.2d 581, 582–84 (Utah Ct.App.1993) (applying provision of Immunity Act that waives immunity for contractual obligations to action to recover personal injury protection benefits).

¶ 13 In this case, Straley alleged in his amended complaint that the denial of his

---

5. Although not at issue here, a plaintiff could alternatively allege that the injury occurred because the employee was intoxicated. *See* Utah Code Ann. §§ 63–30–4(3)(ii), –36(3)(c) (1996).

6. This section provides in part:
   (3)(a) Except as provided in Subsection (b), an action under this chapter against a governmental entity or its employee for an injury caused by an act or omission that occurs during the performance of the employee's duties, within the scope of employment, or under color of authority is a plaintiff's exclusive remedy.
   (b) A plaintiff may not bring or pursue any other civil action or proceeding based upon the same subject matter against the employee or the estate of the employee whose act or omission gave rise to the claim, unless:
   (i) the employee acted or failed to act through fraud or malice. . . .
   (4) . . . [N]o employee may be held personally liable for acts or omissions occurring during the performance of the employee's duties, within the scope of employment, or under color of authority, unless it is established that the employee acted or failed to act due to fraud or malice.
   Utah Code Ann. § 63–30–4 (1996).

petition was willful and wrongful, as required for an action under section 78–35–1, but also alleged that Judge Halliday acted with fraud or malice. It appears then that by alleging the requirements of both section 78–35–1 and the Immunity Act, Straley's amended complaint was minimally sufficient, with respect to the defendant's intent, to state a claim against Judge Halliday personally.[7]

¶ 14 Nonetheless, the Immunity Act bars recovery by a plaintiff unless he or she provides a timely notice of claim to the Utah Attorney General:

A claim against the state, or against its employee for an act or omission occurring during the performance of the employee's duties, within the scope of employment, or under color of authority, is barred unless notice of claim is filed with the attorney general within one year after the claim arises, or before the expiration of any extension of time granted under Section 63–30–11, regardless of whether or not the function giving rise to the claim is characterized as governmental.

Utah Code Ann. § 63–30–12 (Supp.1999).[8] A proper notice of claim must be filed to invoke the trial court's jurisdiction. See Madsen v. Borthick, 769 P.2d 245, 249 (Utah 1988); Lamarr v. Utah State Dep't of Transp., 828 P.2d 535, 540–41 (Utah Ct.App.1992).

¶ 15 Straley argues that he complied with the notice of claim requirement in each of his two notices of claim. Like his first complaint, however, Straley's first notice of claim failed to assert that Judge Halliday

acted with fraud or malice in denying his petition. As mentioned above, Straley's action cannot be maintained against Judge Halliday personally absent the allegation of fraud or malice. See Utah Code Ann. § 63–30–4(4) (1996). Thus, although the first notice of claim was sufficient in terms of the first complaint, Straley's action as framed in that complaint must fail. Further, Straley's first notice of claim varies from the allegations in his amended complaint in which he did allege fraud or malice. Because no action may be maintained against Judge Halliday personally absent the allegation of fraud or malice, this variance "is much more than a mere expansion or amplification of what was alleged in the notice," and the first notice of claim is insufficient for the action as framed in the amended complaint. Yearsley v. Jensen, 798 P.2d 1127, 1129 (Utah 1990).

¶ 16 Straley rectified this problem in his second notice of claim, in which he asserted that Judge Halliday acted with fraud or malice. Nonetheless, his second notice of claim also fails to comply with the Immunity Act. First, the Immunity Act requires that the notice of claim be filed "within one year after the claim arises." Utah Code Ann. § 63–30–12 (Supp.1999). Because Straley's petition for a writ of habeas corpus was denied in August 1996 and his second notice of claim was not filed until July 1998, it was clearly untimely. Moreover, the Immunity Act requires that the notice of claim be filed with the Attorney General, which Straley concedes was never done.[9] See id. Conse-

---

7. This is not to say, however, that Straley's amended complaint adequately pleaded a claim under section 78–35–1, which provides no recovery unless there was "proper application" for the writ of habeas corpus. When a petition is frivolous on its face, there has been no proper application and, hence, there is no recovery under section 78–35–1. See Utah R. Civ. P. 65C(g)(2). In denying the petition, Judge Halliday determined that the petition was without merit and frivolous. Because Straley did not appeal or otherwise attack the determination of that issue, it is res judicata in subsequent collateral proceedings. See Noble v. Noble, 761 P.2d 1369, 1374–75 (Utah 1988); Boudreaux v. State, 989 P.2d 1103, 1108 (Utah Ct.App.1999).

8. Prior to the 1998 amendment, a plaintiff was also required to file a notice of claim with the concerned agency. See Utah Code Ann. § 63–

30–12 (1997). Because filing with the Attorney General has remained a requirement, this change has no bearing on the outcome in this case and we cite to the current version.

9. Straley argues that filing with the Division of Risk Management was sufficient to comply with the Immunity Act. We disagree. Although filing with the Division of Risk Management may have been sufficient to comply with section 63–30–12's former requirement that the notice of claim also be filed with the agency concerned, see Brittain v. State, 882 P.2d 666, 671–72 (Utah Ct.App.1994), it cannot suffice for the Immunity Act's requirement that notice be filed with the Attorney General. See Lamarr, 828 P.2d at 541–42 (holding that Immunity Act barred suit when notice of claim was filed only with the party and not the Attorney General).

quently, Straley's second notice of claim likewise failed to comply with the requirements of the Immunity Act and his action is therefore barred.

## CONCLUSION

¶ 17 We conclude that the trial court correctly granted judgment on the pleadings in favor of Judge Halliday. First, because Straley submitted no affidavit of bias with respect to Judge John R. Anderson and, as an Eighth District Judge, Judge Anderson was properly assigned to hear this matter in the Seventh District, we reject Straley's contention that he should have been disqualified. Second, because Straley failed to comply with the requirement of the Immunity Act that he file a timely and proper notice of his claim, we hold that Straley's action was barred by the Immunity Act. Consequently, the trial court did not err in granting judgment on the pleadings in favor of Judge Halliday.[10]

¶ 18 Affirmed.

¶ 19 WE CONCUR: NORMAN H. JACKSON, Associate Presiding Judge, and RUSSELL W. BENCH, Judge.

---

**10.** Because we conclude that Straley's action is barred by the Immunity Act, we do not address the other issues raised on appeal.