2001 UT App 93

**Amanda THIMMES, Plaintiff and Appellant,**

v.

**UTAH STATE UNIVERSITY, Haven B. Hendricks, and John Does I–X, Defendants and Appellees.**

**No. 991099–CA.**

Court of Appeals of Utah.

March 15, 2001.

Randall K. Edwards, Salt Lake City, for Appellant.

Mark L. Shurtleff and Brent A. Burnett, Salt Lake City, for Appellees.

Before Judges BENCH, DAVIS, and THORNE.

OPINION

BENCH, Judge:

¶ 1 Appellant argues that the trial court erred when it granted Appellees' Motion to Dismiss after concluding that it lacked jurisdiction to hear the case because of Appellant's failure to properly serve a notice of claim on the Utah Attorney General. We affirm.

## BACKGROUND

¶2 On March 17, 1997, Appellant was struck by a vehicle operated by Appellee Haven B. Hendricks, an employee of Appellee Utah State University. Appellant prepared a complaint against Appellees for damages resulting from the accident. Pursuant to the Utah Governmental Immunity Act, Appellant prepared two notices of claim to be served in accordance with Utah Code Ann. § 63–30–12 (1997).[1] An employee of Appellant's former attorney sent one notice of claim to Utah State University and called the Office of the Utah Attorney General (Attorney General) to inquire as to whom the other notice should be sent. After being transferred, the employee spoke to an unidentified person who allegedly told her to send the notice to the Division of Risk Management. The employee mailed a notice of claim to the Division of Risk Management on February 6, 1998.

¶3 In January 1999, Appellant filed her complaint against Appellees in the First District Court. The Attorney General subsequently filed a Motion to Dismiss, alleging that the office had not been properly served with a notice of claim pursuant to section 63–30–12. The trial court held a hearing and granted the motion to dismiss. Appellant filed a motion to reconsider, which the trial court denied. This appeal followed.

## ISSUE AND STANDARD OF REVIEW

■ ¶4 The issue before us is whether the trial court properly dismissed Appellant's complaint after finding that she had not complied with the notice of claim requirements in section 63–30–12. " 'The grant of a motion for judgment on the pleadings is reviewed under the same standard as the grant of a motion to dismiss, i.e., we affirm the grant of such a motion only if, as a matter of law, the plaintiff could not recover under the facts alleged.' " *Straley v. Halliday*, 2000 UT App 38, ¶ 8, 997 P.2d 338 (quoting *Golding v. Ashley Cent. Irrigation Co.*, 793 P.2d 897, 898 (Utah 1990)). The grant of a motion to dismiss is thus a matter of law, which "we review for correctness." *Id.*

## ANALYSIS

■ ¶5 Appellant relies on *Bischel v. Merritt*, 907 P.2d 275 (Utah Ct.App.1995) to support her contention that she complied with the requirements for filing a notice of claim. However, we conclude that the circumstances in *Bischel* are easily distinguished from this case. In *Bischel*, we recognized the established rule of strict compliance with the notice provisions of the Utah Governmental Immunity Act. *See id.* at 279. We also acknowledged ambiguities in Utah Code Ann. §§ 63–30–11, –13 (1993) because they did not "prescribe a specific manner or method for filing notice with the governing body of the political subdivision." *Bischel*, 907 P.2d at 278. Specifically, we concluded that "direction and delivery of the notice must be inferred from the phrase, 'notice of claim is filed with the governing body of the political subdivision within one year after the claim arises.' " *Id.* (quoting Utah Code Ann. § 63–30–13 (1993)). Because the statute did not specify to whom Bischel was to direct her notice of claim, we concluded that she could rely on representations of an employee of the county attorney's office that she could direct her notice to that office. *See id.* In *Bellonio v. Salt Lake City Corp.*, 911 P.2d 1294 (Utah Ct.App.1996) we explained the effect of *Bischel* on the general rule requiring strict compliance with the Governmental Immunity Act. We pointed to the unique factual circumstances of *Bischel* and said our decision in that case should not be viewed as an "abrogat[ion of] the long-standing rule requiring strict compliance with all aspects of the Governmental Immunity Act." *Bellonio*, 911 P.2d at 1297.

¶6 In this case, Appellant's claim is against the State, not the county. This case is therefore governed by Utah Code Ann. § 63–30–12 (1997), which provides, in part: "A claim against the state ... is barred

---

1. At the time Appellant's claim arose, section 63–30–12 required that notice be served on "the attorney general and the agency concerned." Utah Code Ann. § 63–30–12 (1997). Subsequently, section 63–30–12 has been revised to require that a notice of claim be served only on the Attorney General. *See* Utah Code Ann. § 63–30–12 (Supp.2000).

unless notice of claim is filed with the *attorney general and the agency concerned* within one year after the claim arises." *Id.* (emphasis added). Section 63–30–12 does not contain the same ambiguities as to whom the notice of claim should be directed as sections 63–30–11 and –13. An individual making a claim against the State need not infer which governmental entity should be served with notice—the statute gives explicit directions. Any confusion over who should receive the notice was created by Appellant when she elected to rely on advice from an unnamed state employee, rather than the plain language of the statute.

¶ 7 Appellant would also have us conclude that the Division of Risk Management is an office of the Attorney General because an assistant attorney general maintains an office there. However, in *Straley,* we recognized that while notice to the Division of Risk Management may be "sufficient to comply with . . . [the] requirement that the notice of claim also be filed with the agency concerned, . . . *it cannot suffice for the Immunity Act's requirement that notice be filed with the Attorney General." Straley,* 2000 UT App 38 at ¶ 16 n. 9, 997 P.2d 338 (internal citation omitted) (emphasis added).

¶ 8 Finally, Appellant contends that this case falls within the exception to the general rule that "precludes the assertion of estoppel against the government." *Utah State Univ. v. Sutro & Co.,* 646 P.2d 715, 720 (Utah 1982). The exception to this general rule, however, applies only in cases where "the facts may be found with such certainty, and the injustice to be suffered is of sufficient gravity, to invoke the exception." *Id.*

The exception requires "a high standard of proof" and has only applied in cases involving "very specific written representations by authorized government entities." *Anderson v. Public Serv. Comm'n,* 839 P.2d 822, 827 (Utah 1992). No written representation was involved in this case, and Appellant cannot even name the state employee on whose advice she relied. Appellant does not allege, and we can find no indication of, willful misconduct on the government's part nor an intent to hinder Appellant's pursuit of her claim. Thus, we conclude that Appellant falls far short of meeting the high standard of proof required for us to apply estoppel in this case.

## CONCLUSION

¶ 9 Appellant has not presented sufficient evidence to justify her reliance on the advice of an unnamed state employee rather than the plain language of section 63–30–12. Appellant did not strictly comply with the notice requirements of section 63–30–12 because she failed to serve notice of her claim on the Attorney General within the specified time period. Therefore, the trial court lacked jurisdiction to consider Appellant's claim and we affirm the dismissal of her complaint.

¶ 10 WE CONCUR: JAMES Z. DAVIS, Judge, WILLIAM A. THORNE, Jr., Judge.