Bradley J. UDY, Plaintiff, Appellant,
and Cross–Appellee,

v.

Rebecca UDY, Defendant, Appellee,
and Cross–Appellant.

No. 930791–CA.

Court of Appeals of Utah.

April 6, 1995.

---

Jeff R. Thorne (Argued), Mann, Hadfield & Thorne, Brigham City, for appellant.

Marlin J. Grant (Argued), Olson & Hoggan, P.C., Logan, for appellee.

Before BENCH, BILLINGS and ORME, JJ.

## OPINION

BILLINGS, Judge:

Bradley J. Udy (Mr. Udy) appeals the trial court's denial of his Rule 60(b) motion to set aside the court's award of child support.[1] *See* Utah R.Civ.P. 60(b). Rebecca Udy (Ms. Udy) cross-appeals from the amended decree of divorce, alleging the trial court erred when it (1) refused to grant her temporary alimony; (2) divided the couple's marital property; and (3) granted Mr. Udy an expanded visitation schedule. We affirm in part, and reverse and remand in part.

## FACTS

Mr. and Ms. Udy were married on July 27, 1987. They had one child, Joshua, born August 1, 1990. During the marriage both parties were employed full-time. For most of the marriage, Mr. Udy worked a swing shift from 4:00 p.m. until 1:30 a.m., and Ms. Udy worked a day shift from 6:00 a.m. until 3:30 p.m. After Joshua was born, this arrangement allowed one parent to be with the child nearly all of the time and alleviated the need for child care.

When the parties separated, they agreed that custody of Joshua would be shared. Mr. Udy filed for divorce, requesting that the parties' historical parenting scheme be continued.

A hearing was held before a domestic relations commissioner. The commissioner entered a temporary order, awarding custody of Joshua to Ms. Udy. The order, however, provided for a shared parenting schedule

---

1. Mr. Udy appealed from the trial court's denial of both a Rule 59 and a Rule 60 motion. *See* Utah R.Civ.P. 59, 60. His notice of appeal, however, was filed with this court prior to the trial court's entry of a formal order denying the motions. Pursuant to Rule 4(c) of the Utah Rules of Appellate Procedure, an appeal filed from the denial of a Rule 59 motion has no effect if it is filed prior to entry of the final order. An appeal from a Rule 60 motion is not similarly limited. Accordingly, on February 7, 1994, this court entered an order limiting Mr. Udy's appeal to whether the trial court appropriately denied the Rule 60 motion, finding that all other issues had been waived by his failure to file a new notice of appeal.

almost identical to that followed by the parties during their initial separation.

A one-day trial was held. Both parties testified that during the pendency of the divorce, parenting duties had been shared equally and that Mr. Udy cared for Joshua about forty-six percent of the time. Ms. Udy and expert witnesses testified that Joshua had adjusted well to the relatively equal parenting schedule. Mr. Udy testified that a significant portion of his monthly budget was used to provide directly for Joshua in addition to the court-ordered child support.

The trial court awarded Ms. Udy sole custody and granted Mr. Udy expanded visitation defined as:

> On the weekend in which the father will have the child, he may pick the child up Wednesday evening at 6:30 p.m. and may keep the child Thursday, Friday, Saturday, and shall return the child Sunday at 7:00 p.m. to the mother's home.

> On the week when the father does not have the child for his weekend, he shall be entitled to have the child Wednesday evening from 3:30 p.m. to 10:00 p.m.

The court calculated child support using a sole custody worksheet, ordering support in the amount of $273 per month.

The court determined that both parties had approximately equal disposable income after meeting their monthly expenses and therefore declined to award Ms. Udy alimony or assistance with the payment of her attorney fees. Moreover, the court found that the parties had very little marital property or marital debt and awarded Ms. Udy a lump sum judgment of $1500, reflecting her equitable share of the income Mr. Udy earned during the pendency of the divorce which exceeded her own income.[2] Finally, the court found that at the time the parties married, Mr. Udy had $3000 in savings, which was always maintained during the marriage. The court determined this sum reflected Mr. Udy's separate property.

## I. APPEAL

■ Mr. Udy contends the trial court erred when it denied his Rule 60(b) motion.

In relevant part, Rule 60(b) provides that a trial court may relieve a party of a judgment in case of: "(1) mistake, inadvertence, surprise, or excusable neglect." Utah R.Civ.P. 60(b). Moreover, "[a] trial court has discretion in determining whether a movant has shown 'mistake, inadvertence, surprise, or excusable neglect,' and this Court will reverse the trial court's ruling only when there has been an abuse of discretion." *Larsen v. Collins*, 684 P.2d 52, 54 (Utah 1984).

■ Mr. Udy argues that the trial court committed judicial error when it failed to base its child support determination upon a joint custody worksheet. He claims that under the court's expanded visitation order, he actually had custody of Joshua thirty-three percent of the overnights and Utah's child support guidelines mandate the use of a joint custody worksheet if the overnight visits exceed twenty-five percent. *See* Utah Code Ann. § 78-45-2(10) (Supp.1994). Mr. Udy alleges state and federal law provide that "mistake" under Rule 60(b)(1) includes judicial error, and that he is therefore entitled to Rule 60(b) relief from the operation of the child support order. We agree that a mistake of law by the trial court may support a Rule 60(b) motion. *See Jones v. Anderson–Tully Co.*, 722 F.2d 211, 212–13 (5th Cir. 1984); *Parks v. U.S. Life & Credit Corp.*, 677 F.2d 838, 839–40 (11th Cir.1982); *Compton v. Alton Steamship Co.*, 608 F.2d 96, 104 (4th Cir.1979); *C.J. Oliver v. Home Indem. Co.*, 470 F.2d 329, 330–31 (5th Cir.1972), *aff'd*, 487 F.2d 514 (5th Cir.1973); *Calder Bros. Co. v. Anderson*, 652 P.2d 922, 926 (Utah 1982); *see also Richards v. Siddoway*, 24 Utah 2d 314, 471 P.2d 143, 145 (1970) (indicating that within time set forth by statute or rule judicial error may be corrected by trial court on motion). We therefore consider whether the court abused its discretion in failing to grant Mr. Udy's Rule 60(b) motion.

Utah law defines joint custody as follows:

> (10) "Joint physical custody" means the child stays with each parent overnight for more than 25% of the year, and both par-

2. The propriety of this part of the decree is not contested by Mr. Udy and thus is not before us.

ents contribute to the expenses of the child in addition to paying child support.

Utah Code Ann. § 78–45–2(10) (Supp.1994).

■ Based upon the court-ordered visitation, Mr. Udy has Joshua for a total of 120 overnight stays per year. In addition, Mr. Udy has Joshua on alternating Sundays from early morning until 7:00 p.m., and on alternating Wednesdays from 3:30 p.m. until 10:00 p.m. Based upon the overnight stays alone, Mr. Udy has custody of Joshua thirty-three percent of the time—which clearly exceeds the time required by section 78–45–2(10). Likewise, the record reflects that Mr. Udy pays expenses for Joshua in addition to his support obligation during the time that Joshua is in Mr. Udy's care.

Ms. Udy contends that the trial court did not err when it awarded child support based upon a sole custody worksheet. She argues that because the trial court awarded her "sole" custody of Joshua and granted Mr. Udy only "expanded" visitation, the court had the discretion to apply the sole custody worksheet. We are not persuaded. Labels do not control the child support determination. This court indicated in *Thronson v. Thronson,* 810 P.2d 428, 429 n. 1 (Utah App. 1991), that the labels "custody" and "visitation" ascribed by the trial court are not as important as the description given by the court in defining their meaning in the context of a given case.

Although labeled "sole custody," the trial court awarded Mr. Udy visitation that exceeded the threshold for joint physical custody under section 78–45–2(10). Thus, the court must follow the mandate of Utah's child support guidelines, and use the joint custody child support worksheet or make findings of fact justifying its deviation. *See* Utah Code Ann. § 78–45–7(3) (Supp.1994); *Allred v. Allred,* 797 P.2d 1108, 1111 (Utah App.1990).

The trial court did not make findings to explain why it elected not to apply a joint custody worksheet, nor why such a computation would have been inequitable. Thus, we reverse and remand for sufficient findings to support the court's deviation from Utah's child support guidelines or a recalculation of the support obligation using the joint custody worksheet.

## II. CROSS–APPEAL

■ In her cross-appeal, Ms. Udy contends the trial court erred by failing to award her temporary and prospective alimony. "We will not disturb a trial court's ruling on alimony as long as the court 'exercises its discretion within the bounds and under the standards we have set and has supported its decision with adequate findings and conclusions.'" *Bell v. Bell,* 810 P.2d 489, 491 (Utah App.1991) (quoting *Naranjo v. Naranjo,* 751 P.2d 1144, 1147 (Utah App.1988)). The trial court found Mr. Udy earned a gross monthly income of $2786 and had available income after taxes and social security of $1887 per month. The court also found Ms. Udy had a gross monthly income of $1720 and available income after taxes and social security of $1400 per month.

Based upon our review of the record, the trial court's findings accurately reflects Ms. Udy's income. Including the $273 that she receives in child support from Mr. Udy, Ms. Udy has approximately $1667 to meet her monthly needs. Ms. Udy estimated her monthly budget at $1165. Thus, even if the court were to reduce her child support award by applying the joint custody worksheet, Ms. Udy still has sufficient income to meet her needs. We therefore affirm the trial court's determination regarding alimony.

Under this same rationale, we affirm the trial court's ruling denying Ms. Udy assistance with the payment of her attorney fees. In the instant case, the trial court found that each party incurred comparable attorney fees, and found that each party had equal ability to pay their own reasonable fees. We therefore affirm the trial court's refusal to award Ms. Udy her attorney fees.

■ Ms. Udy also alleges that the trial court erred when it divided the parties' savings account as of the date of the separation and awarded Mr. Udy, as separate property, the $3000 sum that he had placed into a savings account prior to the marriage. "There is no fixed formula upon which to determine a division of properties in a di-

vorce action[;] the trial court has considerable latitude in adjusting financial and property interests, and its actions are entitled to a presumption of validity." *Naranjo*, 751 P.2d at 1146 (citation omitted). "This court will not disturb the trial court's decision unless it is clearly unjust or a clear abuse of discretion." *Walters v. Walters*, 812 P.2d 64, 66 (Utah App.1991), *cert. denied*, 836 P.2d 1383 (Utah 1992).

Both parties utilized portions of the savings account for his or her own support during the pendency of the divorce. At the time of the separation, there was in excess of $30,000 in the savings account. On July 8, 1992, Ms. Udy withdrew nearly $12,000 to purchase a car. From the remaining balance, each party received approximately $9000.

Additionally, Ms. Udy contends the trial court erred when it found that Mr. Udy should retain the benefit of the $3000 that he had deposited into the savings account prior to the marriage. In pertinent part, in awarding Ms. Udy property from the marriage, the trial court found Mr. Udy had earned $6000 ($530 per month) more than Ms. Udy during the pendency of the divorce and found that that sum was marital income. The trial court therefore deducted from this amount the $3000 in savings that the court held reflected Mr. Udy's separate property and divided the balance between the parties, yielding a lump sum judgment of $1500 in favor of Ms. Udy. The trial court has considerable latitude in dividing marital assets. We cannot say the trial court abused its discretion in its property division.

Finally, Ms. Udy insists the trial court abused its discretion by awarding Mr. Udy visitation in excess of the statutory minimum. *See* Utah Code Ann. § 30–3–35 (Supp.1994). The trial court awarded Ms. Udy sole custody of Joshua, but awarded Mr. Udy expanded visitation. The court found that Ms. Udy had not presented evidence to rebut the testimony of the experts who recommended expanded visitation. Furthermore, when asked at trial whether the temporary visitation schedule—which almost mirrors the final order—should be continued, Ms. Udy testified that she thought it should.

The trial court's ruling is in accord with the testimony received at trial regarding the best interests of the child, *see* Utah Code Ann. § 30–3–34 (Supp.1994), and we therefore affirm the court's physical custody schedule.

### CONCLUSION

We conclude the trial court abused its discretion when it denied Mr. Udy's Rule 60(b) motion to set aside his child support. The undisputed facts establish that Mr. Udy had joint custody of his child and, thus, that his support should have been calculated using a joint custody worksheet absent findings as to why the trial court deviated from the guidelines support. We therefore reverse the award of child support and remand for further findings justifying a deviation from the guidelines or a recalculation using the joint custody worksheet.

With respect to Ms. Udy's claims of alimony, attorney fees, property distribution, and visitation, we cannot say the court abused its discretion and therefore affirm its decision on each ground.

BENCH and ORME, JJ., concur.