2000 Utah Ct. App. 237

**Tyler BOYCE, Petitioner and Appellee,**

v.

**Tammy L. GOBLE, Respondent and Appellant.**

No. 990641–CA.

Court of Appeals of Utah.

Aug. 3, 2000.

D. Michael Nielsen, Bountiful City Prosecutor, Bountiful, for Appellant.

Suzanne Marelius, Littlefield & Peterson, Salt Lake City, for Appellee.

Before Judges BILLINGS, DAVIS, and THORNE.

## OPINION

DAVIS, Judge:

¶ 1 Appellant Tammy L. Goble appeals the trial court's denial of her motion for reconsideration or a new trial. We affirm.

## I. FACTS

¶ 2 After eight years of marriage, Tyler Daran Boyce, Appellee, and Tammy Linge (Boyce) Goble, Appellant, divorced by Judgment and Decree of Divorce on November 25, 1996. The decree, an incorporation of a stipulation between the parties, awarded joint legal and physical custody of their three minor children and laid out the terms of visitation and child support. Specifically regarding visitation and child support, the decree provided:

> That each party be, and they are, hereby awarded the joint custody of the minor

children ... with joint physical custody with [Ms. Goble]'s home as the primary residence and granting [Mr. Boyce] equal control and input into the children's lives, and [Mr. Boyce] having liberal rights of visitation.

That [Mr. Boyce] be, and he is, hereby required to pay [Ms. Goble], for the support of the minor children, the sum of $796.00 per month, a sum in accordance with the Uniform Child Support Schedule and each party's gross monthly income, plus½ of any actually incurred day-care expenses incurred by [Ms. Goble] to maintain her employment.

¶ 3 No visitation schedule was set out in the decree. The decree merely specified that Ms. Goble's home would be the children's primary residence and that Mr. Boyce would have "liberal rights of visitation." Although the decree awarded the parties joint legal and physical custody of the children, the amount that Mr. Boyce had to pay was calculated using the sole custody worksheet from the Uniform Child Support Schedule.

¶ 4 On August 4, 1997, about nine months after the trial court entered the decree, Mr. Boyce filed a verified petition for modification alleging changed circumstances and seeking to modify both visitation and child support. Ms. Goble counter-petitioned only on the issue of visitation, agreeing that the original decree was unworkable concerning visitation.

¶ 5 The parties attended mediation and resolved the visitation dispute as well as certain communication and parenting issues. They then appeared before a Commissioner on February 18, 1998 and stipulated to a visitation schedule wherein the children would be with Mr. Boyce 35.5% of the time and with Ms. Goble 64.5% of the time. This visitation schedule was similar to the visitation existing prior to the modification proceedings; however, the stipulation provided for a definite schedule. The parties were still unable to agree upon modification of child support and that issue was reserved for a modification hearing.

¶ 6 Following the modification hearing, the court found in pertinent part: "Th[e] Decree awarded the parties joint legal and physical custody of their three minor children ...; Both parties [agreed] the vague terms of the Decree concerning visitation became unworkable ...; [and] in 1997 [Mr. Boyce] had at least 38% of the nights with his children." The court concluded that "the lack of a defined visitation schedule and Respondent's household expenses for the children being higher than expected represent substantial, material changes in circumstances which were not foreseeable at the time of entry of the Decree of Divorce." The court continued the joint custody arrangement set out in the divorce decree but adopted the parties' stipulation as to the visitation schedule. The court used the new visitation schedule to determine the support amount based on a joint custody worksheet. Additionally, in computing the amount of support, the court found that Ms. Goble's income should be $0 because she was no longer working.

¶ 7 Appellant filed a motion for reconsideration or new trial which was denied on April 29, 1999. She appeals.

## II. ISSUE AND STANDARD OF REVIEW

¶ 8 The issue for our review is whether the trial court abused its discretion by finding a substantial change of circumstances based primarily upon the definition and quantification of visitation.

¶ 9 " ' "The determination of the trial court that there [has or has not] been a substantial change of circumstances ... is presumed valid," ' and we review the ruling under an abuse of discretion standard." *Moon v. Moon*, 1999 UT App 012, ¶ 28, 973 P.2d 431 (alteration in original) (citations omitted), *cert. denied*, 982 P.2d 89 (Utah 1999). "This court will not overturn a trial court's modification of a divorce decree absent a clear abuse of discretion or manifest injustice." *Moore v. Moore*, 872 P.2d 1054, 1055 (Utah Ct.App.1994).

## III. ANALYSIS

### A. Separation of Child Custody and Child Support

¶ 10 Appellant argues that the issues contained in divorce decrees are sepa-

rate and must be analyzed separately, and thus, modification of visitation should not open the door to modification of child support. "[A] specific change in circumstances *may* justify reconsideration of one provision of a divorce decree while not justifying reconsideration of another provision." *Becker v. Becker*, 694 P.2d 608, 611 (Utah 1984) (emphasis added). Depending on the facts of the case, the converse can also be true, a change of circumstances *may* justify reconsideration of more than one provision. This concept is especially true when the areas are interdependent. For example, child custody and child support, while governed by separate statutes, are typically related to one another. *See* Utah Code Ann. §§ 78–45–1 to –13 (Supp.1999) (child support) and Utah Code Ann. § 30–3–10 to –10.6 (Supp.1999) (child custody). In fact, a child support award under the guidelines is statutorily predicated on the time the children are in the custody of each parent. *See id.* § 78–45–7.7 to –7.11. Additionally, a factor in determining if an adjustment in child support is appropriate is whether there was a material change in custody. *See id.* § 78–45–7.2(7)(b)(i).

¶ 11 Here, not only did quantification reveal that Mr. Boyce had visitation with his children more than contemplated in the divorce decree,[1] but he had more expenses than anticipated due to the additional time that he cared for the children. Additionally, the decree itself neither set out any specific visitation schedule nor specified the basis for the amount of the support agreed upon.[2]

Thus, on the facts of this case, separate analysis of visitation and support is inappropriate.

### B. Modification of Child Support

¶ 12 Appellant also argues: (1) the threshold requirement of a material change of circumstances was not met, so the merits should not have been evaluated; (2) the trial court abused its discretion in modifying the child support award based upon a finding that a minor change in the de facto visitation schedule constituted a substantial change of circumstances; and (3) the trial court's findings were an inadequate basis for a modification of child support.

¶ 13 We turn to Appellant's first argument by examining the standard for modification of a child support award. The Legislature addressed determination and modification of child support in the Uniform Civil Liability for Support Act (Support Act). *See* Utah Code Ann. §§ 78–45–1 to –13 (Supp.1999).[3] With respect to modification within three years of the decree, the Support Act states: "Prospective support shall be equal to the amount granted by prior court order unless there has been *a substantial change of circumstances* on the part of the obligor or obligee...." *Id.* § 78–45–7(1)(a) (emphasis added). The Support Act strongly favors following the Child Support Guidelines to determine the amount of an award.[4] In addition, the Support Act lists six factors which may be considered to determine if there was a substantial change of circumstances.[5]

---

1. As evidenced by computation of support from the sole custody worksheet.

2. Although, it is clear from the amount that it was calculated using the sole custody worksheet.

3. There have been no significant changes to the Support Act since the modification hearing, therefore, we cite to the most recent supplement.

4. Section 78–45–7.2, the Application of Guidelines, states:

   (1) The guidelines apply to any judicial or administrative order establishing or modifying an award of child support entered on or after July 1, 1989.
   (2) (a) The child support guidelines shall be applied as a rebuttable presumption in establishing or modifying the amount of temporary or permanent child support.

   (b) The rebuttable presumption means the provisions and considerations required by the guidelines, the award amounts resulting from the application of the guidelines, and the use of worksheets consistent with these guidelines are presumed to be correct, unless rebutted under the provisions of this section.
   (3) A written finding or specific finding on the record supporting the conclusion that complying with a provision of the guidelines or ordering an award amount resulting from use of the guidelines would be unjust, inappropriate, or not in the best interest of a child in a particular case is sufficient to rebut the presumption in that case....
   Utah Code Ann. § 78–45–7.2 (Supp.1999).

5. The six factors listed in § 78–45–7.2 are:

   (7) (a) A parent, legal guardian, or the office may at any time petition the court to adjust the

Those factors, however, are not exclusive and are merely a guideline to help determine if a substantial change of circumstances has occurred.

▮ ¶ 14 "To succeed on a petition to modify a divorce decree, the moving party must first show that a substantial material change of circumstance has occurred ' "since the entry of the decree and not contemplated in the decree itself." ' " *Bolliger v. Bolliger*, 2000 UT App 47, ¶ 11, 997 P.2d 903 (emphasis omitted) (citations omitted); *accord Williamson v. Williamson*, 1999 UT App 219, ¶ 8, 983 P.2d 1103. "The change in circumstance required to justify a modification of the decree of divorce varies with the type of modification contemplated. Provisions in the original decree of divorce granting alimony, child support, and the like must be readily susceptible to alteration at a later date...." *Foulger v. Foulger*, 626 P.2d 412, 414 (Utah 1981).

### C. Substantial Change of Circumstances

▮ ¶ 15 We now turn to Appellant's second argument concerning whether the trial court erred by finding a substantial change of circumstances based upon a de facto minor change in the visitation schedule. The trial court found there was a substantial change of circumstances not contemplated in the original decree based upon the parties' agreement that the visitation provision in the decree needed to be modified due to its vagueness and Mr. Boyce's higher-than-expected household expenses for the children.[6] We agree that these factors create a substantial change of circumstances.

¶ 16 In accordance with the parties' petitions for modification, it is, in effect, undisputed that the change in visitation was a substantial and material change not contemplated in the original decree. Both agreed that the visitation agreement, as set out by the decree, was unworkable. The decree itself did not define "liberal visitation" nor did it outline how much time the parties expected the children to spend with each parent. After mediation, the parties were able to agree upon a set schedule of visitation that substantially changed the vague mandate of the original decree. Even though the actual amount of visitation was little changed, quantification made the visitation schedule concrete. This change was significant because it resolved an issue that had not been contemplated in the original decree, and facilitated the calculation of how much time the children were, in fact, in the custody of each parent.

¶ 17 The specificity of the visitation agreement enabled the trial court to determine if the children were spending more than 25% of the nights with their father. Therefore, although the actual visitation had not changed remarkably after the mediated agreement, the act of quantifying the visitation was a significant change of circumstances.

¶ 18 The court also found, and Ms. Goble agreed in her testimony at the modification hearing, that Mr. Boyce had additional expenses based upon the amount of time that the children spent with him. Because the decree was vague as to visitation, there was no clear expectation as to how much each party would pay for the children's expenses while they were in each parent's custody. Therefore, the adoption of the visitation agreement was a changed circumstance because it enabled the court to make an equitable determination of the childcare costs to each parent.

---

amount of a child support order if there has been a substantial change in circumstances.
  (b) For purposes of Subsection (7)(a), a substantial change of circumstances *may* include:
    (i) material changes in custody;
    (ii) material changes to the relative wealth or assets of the parties;
    (iii) material changes of 30% or more in the income of a parent;
    (iv) material changes in the ability of a parent to earn;
    (v) material changes in the medical needs of the child; and
    (vi) material changes in the legal responsibilities of either parent for the support of others.
Utah Code Ann. § 78–45–7.2 (Supp.1999) (emphasis added).

**6.** The trial court also found that Ms. Goble was no longer working but did not use that as a basis in determining that there was a change of circumstances. However, the change of income of a parent may be a factor in finding a change of circumstances. *See* Utah Code Ann. § 78–45–7.2(7)(b)(iii) (Supp.1999).

¶ 19 Appellee conceded that had the decree, in effect, contemplated the potential scope of "liberal visitation" and set out a basis for departure from the joint custody worksheet, quantification of visitation would probably not have amounted to a change of circumstances justifying modification of the child support amount. We agree that when parties wish to depart from the guidelines, they may do so, so long as the departure is contemplated in the decree and the trial court approves such departure and places on the record the reasons for the departure. *See Rehn v. Rehn,* 1999 UT App 41, ¶¶ 16–18, 974 P.2d 306; *see also Durfee v. Durfee,* 796 P.2d 713, 716 (Utah Ct.App.1990) ("In order for a material change of circumstances to be contemplated in a divorce decree there must be evidence, preferably in the form of a provision within the decree itself, that the trial court anticipated the specific change.").

¶ 20 The trial court correctly found a material change of circumstances based upon what amounted to a de facto minor change.[7]

### D. Adequacy of Findings

¶ 21 We now turn to Appellant's final argument that the trial court's findings were inadequate. The Support Act uses a bright line rule to determine if custody is joint or sole. " 'Joint physical custody' means the child stays with each parent overnight for more than 25% of the year, and both parents contribute to the expenses of the child in addition to paying child support." Utah Code Ann. § 78–45–2(13) (Supp.1999). Additionally, this court has consistently required the application of the statute's bright line rule to determine which child custody worksheet to use in calculating the support amount. *See Rehn v. Rehn,* 1999 UT App 41, ¶ 16, 974 P.2d 306 (stating that specific findings must be made when deviating from guidelines' requirement of which worksheet to use, even when parties have stipulated to use of particular worksheet); *Udy v. Udy,* 893 P.2d 1097, 1100 (Utah Ct.App.1995)

(holding that court must use joint custody worksheet if overnight visits exceed 25% or else make specific findings as to why sole custody worksheet should be used).[8] If the parties and/or trial court elect to deviate from the guidelines, specific findings based upon the factors listed in the Support Act must be made. *See Rehn,* 1999 UT App 41 at ¶ 16, 974 P.2d 306; *Allred v. Allred,* 797 P.2d 1108, 1111 (Utah Ct.App.1990). Failure to enter detailed findings on each of the factors is beyond the discretion of the trial court. *See Rehn,* 1999 UT App 41, ¶¶ 16–18, 974 P.2d 306; *Allred,* 797 P.2d at 1111.

¶ 22 The quantification of visitation had a substantial impact on the support amount. Quantification of the time the children are in each parent's custody triggers the application of statutory support. *See* Utah Code Ann. § 78–45–2(13) (Supp.1999) (definition of joint custody). Thus, once the parties agreed that Mr. Boyce was caring for the children more than 25% of the nights, the trial court appropriately used the joint custody worksheet to determine the amount of child support. *See Rehn,* 1999 UT App 041 at ¶ 16, 974 P.2d 306; *Udy,* 893 P.2d at 1100.

### CONCLUSION

¶ 23 We conclude that the trial court did not abuse its discretion in determining that the quantification of the visitation schedule was a substantial change of circumstances, and the court appropriately used the joint custody worksheet to determine the amount of support.

¶ 24 WE CONCUR: JUDITH M. BILLINGS, Judge, and WILLIAM A. THORNE, Judge.

---

7. Here, the basis for the substantial change of circumstances stems from the quantification of visitation and not the relatively minor change in the actual visitation.

8. Appellant argued that these cases should not apply because they address this issue on appeal from the original divorce decree as opposed to on appeal from the modification trial. Appellant has given no legal basis for this argument. We disagree.