IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Renee Spall-Goldsmith, | ) | MEMORANDUM DECISION |
| | ) | |
| Petitioner and Appellee, | ) | Case No. 20110628-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (October 25, 2012) |
| Willard Leroy Goldsmith IV, | ) | |
| | ) | 2012 UT App 302 |
| Respondent and Appellant. | ) | |

-----

Third District, Tooele Department, 084300172
The Honorable Robert W. Adkins

Attorneys:     Vernon C. Jolley and John J. Diamond, Sandy, for Appellant
Olivia D. Uitto, Salt Lake City, for Appellee

-----

Before Judges Davis, McHugh, and Voros.

McHUGH, Judge:

¶1     Willard Leroy Goldsmith IV (Father) appeals from the trial court's Judgment After Trial on Bifurcated Decree of Divorce (the Decree), which awarded child support payments to his former wife, Renee Spall-Goldsmith (Mother). Father contends that the trial court abused its discretion by failing to comply with the Utah Child Support Act guidelines (the Guidelines) when it based its child support determination upon a sole custody worksheet rather than a joint custody worksheet. *See generally* Utah Code Ann. § 78B-12-102(12) (LexisNexis Supp. 2012); *id*. 78B-12-202 (LexisNexis 2008). We affirm.

¶2     After a one-day trial on July 8, 2010, Judge Stephen L. Henriod announced his decision from the bench, concluding that it was in the best interest of the parties' minor

child (Child) that Wife be awarded physical custody of Child and that the parties share joint legal custody. Judge Henriod also awarded Father parent-time of approximately 160 overnight stays per year, or roughly 44% of the year, and ruled that Father's past payments for Child's participation in extracurricular activities could be offset against child support in calculating any arrearage. Although Judge Henriod announced findings regarding the income of each party, he did not calculate the amount of child support at that time. Instead, Judge Henriod instructed Father's attorney to prepare the Decree.

¶3     Father's counsel submitted a proposed decree, which included a child support award based on the joint custody worksheet provided in the Guidelines. Mother's counsel objected, asserting that child support should be calculated using the sole custody worksheet because the court had awarded her sole physical custody of Child. Before that dispute could be resolved and a final divorce decree entered, Judge Henriod retired.

¶4     Judge Robert W. Adkins was then assigned to the case. Based on the record and the arguments of counsel at a telephone conference, Judge Adkins entered the Decree on June 20, 2011, awarding "Physical Custody" of Child to Mother and "Joint Legal Custody" to both Mother and Father. As originally indicated by Judge Henriod, the Decree also allowed Father to exercise parent-time with Child equal to approximately 160 overnight stays per year, or roughly 44% of the year. The Decree sets Father's base child support obligation at $509 per month, a figure based on the sole custody worksheet. In addition, the Decree states that "[n]either parent is Ordered to pay for those extra-curricular activities in which . . . [Child] is enrolled by the other parent" and that "[a]ny past payments for things like football or golf that [Father] may have paid may be counted as child support for determining what the arrearage will be." Father filed a timely appeal of the Decree.

¶5     Father contends that the trial court erred when it failed to base its child support award on the joint custody worksheet. Specifically, Father argues that, although the trial court awarded physical custody to Mother, he was granted overnight visitation that exceeds the thirty percent threshold for joint physical custody established by the Utah Legislature. *See id.* § 78B-12-102(14) (LexisNexis Supp. 2012). Thus, Father contends that the trial court was required to apply the joint custody worksheet, *see id.* § 78B-12-208 (LexisNexis 2008), or to make findings of fact that would justify deviation from it, *see id.*

§ 78B-12-202(3). Mother disagrees, claiming that the trial court correctly used the sole custody worksheet to calculate child support because Father was not ordered to contribute to Child's expenses in addition to child support. *See id.* § 78B-12-102(14). Furthermore, Mother claims that because Father's payments for Child's extracurricular activities were credited against his child support obligation, they should be considered part of the child support *award*, not a contribution to Child's expenses.

¶6      "[A] trial court's interpretation of a statute is a question of law that we review for correctness." *Davis v. Davis*, 2011 UT App 311, ¶ 9, 263 P.3d 520 (alteration in original) (citing *Blackner v. Department of Transp.*, 2002 UT 44, ¶ 8, 48 P.3d 949). Otherwise, "[w]e review a trial court's child support order for an abuse of discretion." *Connell v. Connell*, 2010 UT App 139, ¶ 7, 233 P.3d 836.

¶7      We first review the trial court's interpretation of the statute. When facing a question of statutory interpretation, "our primary goal is to evince the true intent and purpose of the [Utah] Legislature." *Salt Lake Cnty. v. Holliday Water Co.*, 2010 UT 45, ¶ 27, 234 P.3d 1105 (citation and internal quotation marks omitted). "The best evidence of the legislature's intent is 'the plain language of the statute itself.'" *State v. Miller*, 2008 UT 61, ¶ 18, 193 P.3d 92 (quoting *In re Z.C.*, 2007 UT 54, ¶ 6, 165 P.3d 1206). "When the meaning of [a] statute can be discerned from its language, no other interpretive tools are needed." *Marion Energy, Inc. v. KFJ Ranch P'ship*, 2011 UT 50, ¶ 15, 267 P.3d 863 (alteration in original) (citation and internal quotation marks omitted).

¶8      The Utah Child Support Act defines "[j]oint physical custody" to mean that "the child stays with each parent overnight for more than 30% of the year, and both parents contribute to the expenses of the child in addition to paying child support." Utah Code Ann. § 78B-12-102(14). "Utah law requires a court to use a joint custody child support worksheet" when the requirements for section 78B-12-102(14) are met or to "make findings supporting its deviation." *See Rehn v. Rehn*, 1999 UT App 41, ¶ 16, 974 P.2d 306. When deviating from the joint physical custody guidelines, "the trial court must at least consider the seven factors listed in [Utah Code section 78B-12-202(3)] and enter findings" with reference to them. *See id.* (citing Utah Code Ann. § 78-45-7(3) (Michie 1996) (current version at *id.* § 78B-12-203(3) (LexisNexis 2008)); *Allred v. Allred*, 797 P.2d 1108, 1111 (Utah Ct. App. 1990)). "A court abuses its discretion when it fails to enter detailed findings on each of these factors." *Id.* (citing *Allred*, 797 P.2d at 1111).

¶9     The relevant language of the Utah Child Support Act is plain on its face and defines joint physical custody to include both (1) that "the child stays with each parent overnight for more than 30% of the year" *and* (2) that "both parents contribute to the expenses of the child in addition to paying child support." *See* Utah Code Ann. § 78B-12-102(14). Moreover, this court has consistently interpreted the definition of joint physical custody as requiring both elements. *See, e.g., Boyce v. Goble*, 2000 UT App 237, ¶ 21, 8 P.3d 1042 (discussing "a bright line rule to determine if custody is joint or sole" that requires both a percentage requirement of overnight stays and that both parents contribute to expenses beyond child support for joint physical custody); *Rehn*, 1999 UT App 41, ¶ 17 (requiring use of a joint custody worksheet when the "[father] had custody of the children over 25% of the time *and*, in addition to his support obligation, contributed to the overnight expenses of the children" (emphasis added)); *Udy v. Udy*, 893 P.2d 1097, 1100 (Utah Ct. App. 1995) (analyzing whether the joint custody worksheet was properly applied by reviewing the percent of time father had custody of his child in addition to father's payment of expenses beyond his child support obligations).[1]

¶10    Father correctly argues, and Mother concedes, that he has met the requirement for joint physical custody that Child stay with him overnight for more than 30% of the year. *See* Utah Code Ann. § 78B-12-102(14). However, Father advances no argument on the second requirement that "both parents contribute to the expenses of the child in addition to paying child support." *See id.* Indeed, he fails to identify any of Child's expenses that he paid or to explain why such a showing is unnecessary. As a result, Father has not established that he and Mother share joint physical custody of Child. Therefore, the trial court correctly applied the child support worksheet for sole custody and was not required to make findings warranting deviation from the Guidelines. *Cf. id.* § 78B-12-202(3).

---

[1]In *Udy v. Udy*, 893 P.2d 1097 (Utah Ct. App. 1995), and *Rehn v. Rehn*, 1999 UT App 41, 974 P.2d 306, the court applied a previous version of the statute—the Uniform Civil Liability for Support Act, *see* Utah Code Ann. §§ 78-45-2(13), -2(10) (Michie Supp. 1998 & Supp. 1994)—defining joint physical custody to mean that "the child stays with each parent overnight for more than 25% of the year, and both parents contribute to the expenses of the child in addition to paying child support." *See Udy*, 893 P.2d at 1099–1100; *Rehn*, 1999 UT App 41, ¶ 16.

¶11    In summary, although Father has Child overnight more than 30% of the year, he fails to advance any argument that he has satisfied the second element of joint physical custody by contributing to Child's expenses in addition to paying child support. *See id.* Because Father has not argued that both requirements for a joint physical custody arrangement are present, we conclude that the trial court properly awarded child support based on the sole physical custody worksheet.

¶12    Affirmed.


_____
Carolyn B. McHugh, Judge


-----


¶13    WE CONCUR:



_____
James Z. Davis, Judge



_____
J. Frederic Voros Jr., Judge